DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH· TERM, 1894.

JACOB RINGLE AND MARY, HIS WIFE, PLAINTIFFS IN ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, DEFENDANTS IN ERROR.

1. An appeal to the Circuit Court in condemnation proceedings, in virtue of the statute entitled "An act to authorize the board of chosen free-holders of any of the several counties of the state to lay out, open, construct, improve and maintain a public road therein," approved April 7th, 1888 (*Pamph. L., p.* 397), prosecuted to conclusion, is a new means for the ascertainment of the amount to be paid for land taken and damages sustained, which supersedes the previous award by commissioners.

2. The appeal is in all cases to be determined by a judgment based upon the verdict of a jury, and not, in any case, upon the award of the commissioners.

On error to the Hudson County Circuit Court.

It became necessary to take a parcel of land in the city of Jersey City, of which the plaintiff in error Jacob Ringle was the owner, for the construction of a public road, laid out and

in process of construction, in virtue of the authority bestowed by a statute entitled "An act to authorize the board of chosen freeholders of any of the several counties of the state to lay out, open, construct, improve and maintain a public road therein," approved April 7th, 1888 (*Pamph. L., p.* 397), and the supplements thereto.

That act provides that the value of lands taken for a public road shall be ascertained, and the damage by the taking assessed by commissioners appointed by a justice of the Supreme Court, who shall report in writing their findings, provided that if either the board of chosen freeholders or the landowner shall feel aggrieved by the decision of the commissioners, it or he may appeal therefrom to the Circuit Court of the county, by a written petition, &c., "which proceedings," continuing in the language of the statute, "shall vest in the Circuit Court full right and power to hear and adjudge the same, and to direct a proper issue for the trial of said controversy to be formed between said parties and to order a jury to be struck and a view of the premises to be had, and the said issue may be tried in the same manner as other issues in said court are tried, and upon such notice as the court may order, and, if such jury shall find a greater sum than the said commissioners shall have awarded in favor of the said owner or owners, then judgment thereon, with costs, shall be entered against the said board of chosen freeholders, but if said jury shall be applied for by the said owner or owners and shall find a less sum than the said commissioners shall have awarded, then the said costs shall be paid by said applicant or applicants, and either deducted out of said sum found by said jury or execution awarded therefor, as the said court shall direct, but such application shall not prevent the said board of chosen freeholders from taking the said land upon filing of the said report as aforesaid ; *provided,* that in no case whatever shall said board of chosen freeholders enter upon or take possession of any land of any person or persons except to make survey and maps as aforesaid, until they shall have paid or tendered the party or parties entitled to receive the same the amount

assessed by the commissioners as the value of said lands and damages, but in no case shall the proceedings of appeal stay the entry upon and possession by the said board of the lands or real estate so as aforesaid taken and appraised in laying out and opening said road ; *and provided, also,* that if any party entitled to the payment of the amount so as aforesaid assessed shall refuse to receive the same, or be out of the state, or under any legal disability, or such lands or real estate be encumbered by any judgment, mortgage or other lien, then the amount assessed as aforesaid shall be paid into the Court of Chancery of this state, and shall there be distributed according to law, and such payment into court shall be taken and deemed a valid and legal payment."

Commissioners, appointed in pursuance of the requirements of the statute, reported that they had awarded to the plaintiffs in error $17,104.70 for compensation and damage by reason of the taking of the parcel of land. From this award the plaintiffs in error appealed to the Hudson County Circuit Court, and, upon an issue being framed, the appeal was tried, with the result that the jury found the value of the land and the damage sustained by the plaintiffs to be $15,946.25, or $1,158.48 less than the award of the commissioners. Thereupon, on motion in behalf of the defendants in error, and against the objection of the plaintiffs in error, judgment was entered for the amount of the verdict, less the defendants' costs upon the appeal.

The assignments of error which are relied upon raise two questions—*first,* whether judgment should have been entered at all ; and *second,* if entered, whether it should not have been for the amount of the award by the commissioners rather than for the amount of the verdict of the jury, less the costs of the defendants.

For the plaintiffs in error, *Flavel McGee.*

For the defendants in error, *Abram Q. Garretson.*

The opinion of the court was delivered by

THE CHANCELLOR. The insistment in behalf of the plaintiffs in error, in substance, is, that because the board of chosen freeholders did not appeal from the commissioners' award they are not entitled to any benefit from the determination of the appeal, save the recovery of their costs, the finding of the jury being less than the commissioners' award.

In support of this position, reliance is had upon the first proviso of that part of the law which has been quoted, to wit, that in *"no case whatever"* shall the board of chosen freeholders enter upon the land until it shall have paid or tendered the amount of the award, the argument seeking its strength in the comprehensive character of the words *"no case whatever,"* and their use in the same section and sentence which defines what effect the verdict of the jury shall have.

In order to ascertain the legislative intent the proviso thus relied upon must be construed in light of the scheme devised for the ascertainment of the compensation which is to be made to the owner of land taken, and not with reference alone to its grammatical significance.

The scheme is this: When it is necessary to take real estate, the board of chosen freeholders is to present a petition to a justice of the Supreme Court, who, after notice to parties in interest, is to appoint three commissioners. The commissioners are to be sworn, and then, after notice to the landowner, are to proceed to examine the land and appraise its value and the damage which its taking will occasion the owner, and report their award. When their report is filed, the board of chosen freeholders may pay or tender the award and take possession of the land, or, if they feel aggrieved, they may appeal to the Circuit Court of the county. So also the landowner, if he feels aggrieved, may appeal. If either of the parties shall appeal, the appellant must make application to the Circuit Court by petition, and thereupon the Circuit Court will become vested with authority to hear the matter of appeal *"and adjudge the same,"* directing an issue between the parties to be framed for that purpose, striking a

jury, causing it to view the premises, and, generally, trying the issue as other issues are tried in that court. When a verdict is reached, if the jury shall find a greater sum than the commissioners shall have awarded to the owner, then the owner shall have judgment for that amount; but if the owner shall be the appellant and the verdict of the jury shall be less than the commissioners' award, then the owner shall pay costs, which costs shall be " *either deducted out of the said sum found by said jury, or execution awarded therefor, as the court shall direct.*"

It is apparent from the provision of all the machinery necessary for the ascertainment of facts and formation of judgment, and the bestowal of power to adjudge, that the legislative intent is that, where an appeal is taken, the matter of compensation and damage is to be heard anew, independently of the award, as though it had originated in the court, and that it is to be decided by the court. If the statutory provision had been allowed to rest with the words which empowered the court to adjudge the matter appealed, there would be little or no room to question that the adjudication must be by the formal judicial sentence—judgment. But the act continues more specifically. It expressly provides that the adjudication shall be in form of a judgment, with costs in favor of the owner if the verdict exceed the award, and adds that if the verdict be less than the award and the landowner shall be the appellant, he shall pay costs, to insure the collection of which it declares that they shall be deducted from the amount of the verdict, or be recovered through the instrumentality of an " *execution,*" as the court may direct. If the verdict be sufficient to admit of the deduction, that means of collection is made available, otherwise execution may issue. The provision for execution predicates a judgment as clearly as does the previously-bestowed power to adjudge the appeal. It appears to be plain that a judgment is contemplated in every case. It is necessary to the court's conclusion of the appeal.

Passing to the second question, we think that so long as the appeal stands, and permanently, if it be concluded by

judgment, it supersedes the award of the commissioners. It becomes, as has been already said, a new means for the ascertainment of the just compensation which is to be paid to the landowner. Such is the effect which has been accorded to similar provisions in other statutes. *Browning* v. *Camden and Woodbury Railroad Co.*, 3 *Gr. Ch.* 47; *Johnson* v. *Baltimore and New York Railroad Co.*, 18 *Stew. Eq.* 454; *Waite* v. *Port Reading Railroad Co.*, 3 *Dick. Ch. Rep.* 346; *Lew. Em. Dom.*, § 541. The award being superseded, it follows that the judgment must be based upon and follow the verdict of the jury.

We think that the proviso upon which the plaintiffs in error have relied is applicable only to cases in which possession is sought before the institution or determination of the appeal. We reach this conclusion not only because of its consistency with the scheme devised by the statute for the ascertainment of compensation, but also because of the connection in which the proviso appears. It is observed that it immediately follows a declaration that the appeal shall not prevent the freeholders from taking possession of the land, as a condition to insure the ultimate payment of the landowner, so far as the award will extend in that direction. The possession is not to be taken until the award shall be tendered. The landowner may take it if he pleases. If he refuses to take it, then, before possession of the land shall be taken, its amount must be paid into the Court of Chancery, where it will remain pending the event of the appeal, to be ultimately distributed according to law.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, ABBETT, DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH. 13.

*For reversal*—None.