THE MAYOR AND ALDERMEN OF JERSEY CITY v.
WILLIAM H. HAMILTON ET AL.

Submitted July 3, 1903—Decided November 9, 1902.

1. Under the Eminent Domain act of March 20th, 1900 (*Pamph. L.,*
   *p.* 79), as it stood before the amendment of 1903 (*Pamph. L., p.*
   342), the payment by the condemning corporation of the amount
   awarded by the commissioners, whether it was paid into the Court
   of Chancery or directly to the landowner, barred any appeal
   from the award on behalf of the corporation.
2. The amendment of 1903 did not impair the right of the landowner
   to the money previously paid in satisfaction of the award under
   the original act.

Certified case.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON,
HENDRICKSON and PITNEY.

For the city, *Bedle, Edwards & Thompson.*

For the respondents, *John W. Harding.*

The opinion of the court was delivered by

DIXON, J. The mayor and aldermen of Jersey City insti-
tuted proceedings under the act of March 20th, 1900 (*Pamph.
L., p.* 79), to condemn lands for a public water-supply.
Commissioners, being duly appointed, made their award on
June 14th, 1902, and on June 23d, 1902, the city appealed
therefrom to the Circuit Court of Passaic county in accord-
ance with the act. On June 30th, 1902, the city, pursuant
to the eighth section of the statute, paid the sum awarded
into the Court of Chancery, alleging that it could not safely
pay the money to the landowner, because of a mortgage upon
the land, and on September 23d, 1902, the Court of Chancery
paid the money to the landowner. On December 28th, 1902,
the landowner applied to the Circuit Court for a dismissal

of the city's appeal, on the ground that the right to prosecute it was terminated by force of the facts above stated, and the Circuit certified the question thus raised to this court for its advisory opinion.

The claim of the landowner is that the money awarded was paid by the city voluntarily for the purpose of acquiring the right of immediate possession of the land, and therefore, by the rules of the common law, no return of any part of the money paid could be exacted, and that the statute does not, either expressly or by reasonable implication, provide any means for such an exaction; that consequently, under present conditions, the appeal must be futile so far as benefit to the appellant is concerned and should, at the request of the landowner, be dismissed.

The appellant does not dispute the common law doctrine, as above stated, and properly treats the present question as one of statutory construction.

In the first place, the city contends that the payment of the award was not voluntary, insisting that under the seventh section of the act the landowner was absolutely entitled to sue for the same if the city neglected to pay it for twenty days after the filing of the award unless the city abandoned its right to condemn, and therefore the payment was made in obedience to the implied mandate of the statute.

But we think this position cannot be maintained. An appeal, if taken by either party, must, under section 9, be taken before the right of the landowner to sue for the award can mature, and the appeal, so long as it stands (and permanently, if it be concluded by judgment), supersedes the award. *Ringle* v. *Freeholders,* 27 *Vroom* 661. If the appeal be so terminated the right to sue for the amount found by the jury on the appeal takes the place of the right to sue for the award pursuant to the last clause of the fourteenth section of the act.

We must therefore examine the statutory provisions respecting the appeal to determine whether it affords to the condemning party any means of redress in case, after taking an

appeal, that party pays the sum awarded by the commissioners; in other words, whether it contemplates such a condition as would exist if, after payment of the award, an appeal taken by the condemning corporation resulted in a verdict for a sum less than the award.

The pertinent clauses are found in the thirteenth and fourteenth sections.

Section 13, after requiring the jury on the appeal to assess the value of the land and damages, declares that "if they shall find a *greater sum* than the commissioners awarded then judgment with costs shall be entered against the petitioner" (*i. e.,* the condemning corporation) "and execution awarded therefor; but if said jury shall *be applied for*" (*i. e.,* if the appeal be taken) "*by the owner* and shall find a less sum than the commissioners awarded, then costs shall be paid by said appellant and either deducted out of the sum found by the jury or execution awarded therefor, as the court shall direct."

In this section the legislature seems to have sedulously avoided the making of any provision for an appeal taken by the condemning corporation and resulting in a verdict less than the award.

The fourteenth section provides that "upon the finding of the jury, the amount so found, or so much thereof as shall not have been paid, shall be tendered and paid or paid into court in like manner as is provided for the payment of the award, and if possession shall not have been taken before the finding by the jury then the petitioner, upon payment as aforesaid or payment into the Court of Chancery of the amount due as found by the jury, may enter upon and take possession of the said land."

In these clauses also the careful avoidance of the supposed condition is noticeable. Not a suggestion appears that the legislature intended to provide for a case in which the award had been paid and was greater than the verdict rendered on an appeal taken by the condemning corporation. It must, I think, be conceded that such a condition has been designedly excluded from legislative provision and therefore left to be

controlled by the rules of the common law. Ordinarily even a mere *casus omissus, a fortiori* an intentional exclusion, is beyond the remedial power of the courts. *Palmateer* v. *Tilton,* 13 *Stew. Eq.* 555, 557.

The first paragraph of this fourteenth section is perhaps still more pregnant with significance. It enacts that "the taking of an appeal by either party shall not prevent the petitioner from taking the land—upon filing the report of the commissioners and making tender and payment ·into court, as above provided, of the award at any time before the verdict of the jury on appeal, and the party entitled to receive the award may receive the same without being barred thereby from his appeal." The clause preserving to the condemning corporation the right to take possession of the land on paying the award, notwithstanding an appeal, was doubtless inserted to obviate the decisions in *Johnson* v. *Baltimore and New York Railway Co.,* 18 *Stew. Eq.* 454, and other cases, rendered upon statutes similar in other respects to that now before us. But the subsequent clause clearly indicates that the legislature regarded the voluntary action of the parties in paying and receiving the amount of the award as normally inconsistent with further litigation between them over the sum to be paid, and so, by express words, afforded to the landowner protection against such a legitimate inference, leaving, however, the inconsistency to exert its full force against the condemning corporation. Almost in terms the legislature has said: "The payment and acceptance of the award would bar any appeal therefrom by either party unless we prevented that effect; we do prevent it as to the appeal of the landowner."

A strong argument in the same direction is to be drawn from the authority which the statute confers upon the condemning corporation to take possession of the land on paying the amount of the award to the owners, when that can be done safely, otherwise into the Court of Chancery. The statute affords to the landowner no means of recovering the land of which possession is thus taken—the taking is final and absolute. The authority thus conferred is given to private and

to public corporations in the same words. Under our constitution it cannot be conferred upon private corporations unless compensation be *first* made to the owners, and this means "that the money" (paid as compensation) "shall become theirs absolutely, and that they shall have the same dominion over it that they had over the land before it was taken, and nothing short of this will satisfy the constitutional requirement." *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 8 Dick. Ch. Rep.* 178, 193. The language of the statute must therefore be read in this sense with regard to private corporations, and the act contains no intimation of any distinction in this regard between private and public corporations. Hence the conclusion naturally follows that the right of the landowners to the money paid is intended to be as absolute and indefeasible as to the right of the corporations to the possession of the land. This construction of the statute also confutes the suggestion made on behalf of the city that, pending its appeal, it had some contingent interest in the fund which it had paid into the Court of Chancery and, as the fund was distributed by the court without notice to the city, the city's claim was not precluded by the decree. Even if it could be thought that the city had such a claim, I do not see how it could now be maintained in face of the decree for, by paying the money into court, the city became a party to the proceedings for distributing the fund, and we must assume that its claim was lawfully adjudicated.

. In whatever light the matter is viewed, I think it apparent that no advantage can accrue to the city by the prosecution of the appeal, and therefore it should be discontinued.

An act passed at the last session of the legislature amends section 13 of this statute so as to provide for recovery by the petitioner of the difference between the verdict of the jury and the award of the commissioners when the latter exceeds the former and has been paid. But, on well-settled principles, this amendment, although intended to apply to proceedings pending at the time of its passage, cannot impair the right of the landowner to money previously paid, which had thus become his property.

The Circuit Court is advised to dismiss the appeal.

In the appeals taken by the same corporation, wherein Catherine A. Hamilton et al. and Philip Van Riper et al. are the landowners, the circumstances are the same and the same conclusion is reached.