## J. F. NOEL v. W. T. BARRETT.

(Filed February 14, 1907.)

1. **SCHOOL LANDS—Leasing.** By the law and regulations for leasing school lands in the Territory of Oklahoma, a lessee has a preference right to renew or re-lease, and such right is a valuable one subject to sale and purchase.

2. **SAME—Same.** Where the law and regulations in force prohibit any one person from leasing more than one quarter section of land, public policy forbids that another person shall lease and hold other such lands for a lessee, and one who has a valid lease upon school lands to the maximum amount permitted, is estopped from claiming that another lease is held for him.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before John L. Pancoast, Trial Judge.*

*Cowgill & Dunn,* for plaintiff in error.

*T. J. Womack,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This was an action in the district court of Woods county by J. F. Noel, the payee of a promissory note, to recover judgment thereon against W. T. Barrett, the maker. Barrett admitted the execution of the note and pleaded no consideration. The case was tried to a jury, and after the evidence in support of the plea of want of consideration was introduced, the court sustained a demurrer to the evidence under this defense and took it from the

jury, the defendant at the time excepting. There were other issues submitted to the jury, and a verdict was returned in favor of the plaintiff for the amount of the face of the note. and interest. Judgment was rendered on the verdict, and the defendant brings the case here on petition in error.

The only error assigned is the action of the court in holding that there was no evidence to support the plea of no consideration, and in taking that defense from the jury. The evidence offered to establish the defense of no consideration was, that Noel, the payee of this note, was the lessee of a quarter section of school land from the school land leasing board for the Territory of Oklahoma; that under the law and rules regulating said board and the leasing of such lands he was permitted to lease but one quarter of land; that he procured Barrett to lease one adjoining quarter section and he agreed to pay the rental and Barrett was to allow him the use of the land for the payment of the rentals. Some fencing was put on the land by Noel, but the land was used for pasture. After about three years of such leasing, one Devereux proposed to buy the lease and did purchase Barrett's relinquishment of his preference right and lease and paid therefor the sum of $800. It was agreed between Barrett and Noel that Barrett, the lessee, should have $500 of this sum and Noel, who had paid the rentals, the sum of $300. Barrett allowed Noel to take the $500 claimed by him and Noel, executed the note sued on for the said $500. Noel now claims that Barrett was holding the lease for him as an accommodation; that he had paid nothing to secure the lease and that when the lease was sold to Devereux that he was entitled to the entire proceeds of the sale, and that he

20--Vol. 18

gave the note to Barrett just to satisfy him  because he claimed something, but there was an absolute want of consideration.

We think the court made no mistake in this case.  There was nothing for the jury to decide.  If the evidence of the defendant himself who was seeking to show no consideration, in fact showed the contrary, then the note would entitle the payee to judgment.  Noel being at the time the holder of a lease for all the land the law would permit him to lease, he could take no interest in the lease itself or in the right secured by the lease.  Barrett leased the land out of which the controversy grew and under the rules and regulations of the department he, so long as he kept the rentals paid, was the possessor of a preference right to continue leasehold upon such terms as the board should from time to time impose.  This preference right is a valuable property right; in fact, experience and the general course of dealings in such lands has demonstrated that the preference right of such leases are often of more value than the improvements on the land, and such preference rights are the subject of sale and purchase the same as titles to other lands.  Noel had no preference right, and he is estopped from asserting any claim to it.  During the time Barrett held the lease Noel paid the rent and got the use of the land; they both consented to the sale, and Barrett claimed that he should have $500 for his interest, and that Noel could have $300 for improvements.  Noel agreed to this and executed the note and Barrett turned over to him the entire $800 paid by Devereux.  It is claimed that nothing passed from Barrett to Noel which will constitute a consideration for the note,

and a number of authorities are cited as to what will and what will not constitute a consideration for a promise. There is no need to review these authorities. Noel had nothing to sell to Devereux except his improvements, which were worth far less than the amount he agreed to take. Barrett had a valuable right which he transferred to Devereux and for which he received the $500, and having permitted Noel to take this money, the note has a *bona fide* consideration of $500 in cash. It may be, as claimed by Noel, that Barrett agreed to hold this lease for him, but such an agreement was against public policy and cannot be enforced. As between Barrett and the territory his lease was valid, and he had a right to transfer it with the consent of the leasing board.

The judgment of the district court of Woods county is affirmed, at the costs of the plaintiff in error.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.