## WELDON v. LAND.

No. 9501—Opinion Filed June 11, 1918.

(173 Pac. 517.)

(Syllabus.)

**1. Public Lands — Lease of School Lands— Public Policy.**

Where the law and regulations in force prohibit any one person from leasing more than one-quarter section of school land, public policy forbids that another person shall lease and hold other such lands for a lessee, and one who has a valid lease upon school lands to the maximum amount permitted is estopped from claiming that another lease is held for him.

**2. Forcible Entry and Detainer — Public Lands — Possession of Defendant — Recovery of Possession.**

Record examined, and held: (1) That the defendant is in possession of the tract of land in controversy without color of title; (2) that the plaintiff is entitled to recover possession thereof under section 5505, Rev. Laws 1910, which provides, in effect, that proceedings by forcible entry and detainer may be had "in cases where the defendant is a settler or occupier of lands and tenements without color of title."

Error from District Court, Stephens County; W. M. Bowles, Assigned Judge.

Action in forcible entry and detainer by Thomas F. Land against A. M. Weldon. Judgment was rendered for plaintiff in justice's court, and on defendant's appeal to the district court there was judgment for plaintiff, and defendant brings error. Affirmed.

J. B. Wilkinson, for plaintiff in error.

Bond & Kolb and A. W. Reynolds, for defendant in error.

KANE, J. This was an action in forcible entry and detainer, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, before a justice of the peace. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The trial in the justice court resulted in a judgment in favor of the plaintiff, whereupon the defendant appealed to the district court, where the case was again tried de novo, with the same result. For the purpose of reviewing the action of the district court in rendering judgment in favor of the plaintiff this proceeding in error was commenced.

The subject-matter of the action is a tract of school land belonging to the state, and the plaintiff claims the right to the immediate possession thereof as a lessee of the school land department of the state. If we understand the defendant's contention correctly, it may be summarized as follows: It seems that prior to the execution of the lease to the plaintiff the land in controversy had been leased by the school land department to one McDonold, who thereafter and prior to the execution of the lease to the plaintiff relinquished the same back to the state; that, although the former lease appeared to be in the name of McDonold, one W. A. Yates entered into possession of the leased premises under some sort of an agreement with McDonold, the precise nature of which is not disclosed, during which time he placed improvements thereon of considerable value. After the death of W. A. Yates his administrator, W. C. Yates, assigned whatever interest the deceased claimed in the land to the defendant for the year 1917, and placed him in possession of the premises. The claim of the defendant as to his right to remain in possession, notwithstanding the lease of, he plaintiff, is stated by his counsel in his brief as follows:

"The fee to this land is in the state of Oklahoma. For years the lease had stood in the name of D. D. McDonold; he never making any claim to possession nor paying rentals. Yates had exclusive possession, builded and owned the improvements. The title pleaded by plaintiff was a lease from the state. McDonold was plaintiff's grantor by assignment of the leasehold right, and the plaintiff would therefore take his lease burdened with the trust or equitable title or right existing while McDonold held the lease. Defendant was in possession under lease from Yates. Therefore we conclude that the facts show an equitable right in Yates, which would be color of title or right sufficient, as against the plaintiff, to show defendant's right of possession and lift this case out of the statutes of forcible entry and detainer. Further, we think Yates would be entitled to retain possession under his improvement rights until he was compensated for his improvements, or plaintiff should be sent to his remedy by ejectment, in which Yates could have his improvement rights adjudicated."

We are unable to agree with any of these contentions. No enforceable trust relation could possibly arise between McDonold and Yates out of the alleged agreement pertaining to this tract of school land which was clearly made for the purpose of defeating the statutes governing the leasing of school lands by the state. Section 7432, Comp. Laws 1909, which was in force during the time the alleged agreement between McDonold and Yates existed, provides in part as follows:

"Sections sixteen and thirty-six of each congressional township, where the same have been set aside for the benefit of the common schools shall be leased for periods of ten years. The present lessee including those having a right of re-lease shall have the right to lease not more than one hundred and sixty acres east of the range line between ranges thirteen and fourteen west Indian meridian, not more than six hundred and forty acres west of said range line; * * *"

And section 7190, Rev. Laws 1910, provides that:

"Any lessee who is a resident of the state of Oklahoma, may sublease the land upon which he has a lease, for a period of not more than one year: Provided, that before any lessee shall be permitted to sublet any such land, he shall make application to the commissioners of the land office for a permit. * * *"

The uncontradicted evidence contained in the record in the case before us shows not only that Yates was ineligible to lease the class of land herein involved himself, on account of already having a lease on another 160-acre tract of school land, but that his sublessee, McDonold, had not procured a permit to sublet the land as required by section 7190, supra. In the case of Noel v.

Barrett, 18 Okla. 304, 90 Pac. 12, it was held that:

"Where the law and regulations in force prohibit any one person from leasing more than one quarter section of land, public policy forbids that another person shall lease and hold other such lands for a lessee, and one who has a valid lease upon school lands to the maximum amount permitted, is estopped from claiming that another lease is held for him."

On account of the total disregard of these statutes, it must be held that Yates was occupying the land unlawfully without color of title, and therefore he conferred upon the defendant Weldon by his assignment no better title or right of possession than he had himself. In these circumstances the plaintiff had a right to proceed pursuant to section 5505, Rev. Laws 1910, which provides in effect that proceedings by forcible entry and detainer may be had "in cases where the defendant is a settler or occupier of lands and tenements without color of tile."

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.