NICHOLS v. OKLAHOMA CITY.

No. 31526.   Feb. 20, 1945.

Rehearing Denied April 3, 1945.

*157 P. 2d 174.*

Twyford, Smith & Crowe, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, both of Oklahoma City, for defendant in error.

PER CURIAM. This is a proceeding on appeal from the board of the commissioners in condemnation proceeding. The award was for $16,730. The condemnee, G. A. Nichols, took down the award and the condemnor, City of Oklahoma City, hereinafter called plaintiff, appealed therefrom. The cause was tried to a jury and a verdict for $15,003 was returned and judgment entered thereon, and defendant appeals.

The properties involved are preference right leases owned by the defendant in the Bluff creek area on the watershed of the plaintiff's water project, and involved approximately 320 acres of these preference right leases. The damage is to the improvements placed thereon by the defendant and the value of the leases taken in the proceeding.

It is first argued that 12 O.S. 1941 § 572, permitting a taxpayer to sit in judgment on the value of the premises, is unconstitutional, being in violation of article 2, § 2, art. 2, § 19, and art 2, § 7, of the Constitution of this state; that, in effect, it is in conflict with all of the articles of our Constitution providing for a free and unprejudiced jury, and providing that one's property shall not be taken without due process of law.

We are of the opinion, and hold, that section 572 is not in conflict with the above provisions of the Constitution on authority of the following texts and decisions: 35 C.J. 238, note 98; 16 R.C.L. 279, note 16; 31 Am. Jur. 687, note 7; 6 Ann. Cas. 964; Mironski v. Snohomish County, 115 Wash. 586, 197 P. 781.

It is next argued that the court erred in refusing to submit to the jury certain special requested interrogatories. Article 7, sec. 21, of the Constitution provides that a jury shall return a general verdict and no law shall be enacted requiring the court to direct the jury to make findings on requested interrogatories, but the court may, in its discretion, direct such special findings. There was no error in refusing to submit special interrogatories.

It is argued that the verdict is inadequate. The witnesses testified that the damages ranged from less than $12,000 to $82,000. We are of the opinion, and hold, upon a review of all of the evidence, that the verdict of $15,003 is not inadequate, and that it is supported by the evidence offered at the trial. Denney v. State ex rel. King, 179 Okla. 35, 64 P. 2d 298.

There is also presented in this proposition the argument that the trial court erred in giving instruction No. 2, which instructed the jury that the burden is upon the defendant to prove the value of the property. This is a statement of the general rule. 18 Am. Jur., Eminent Domain, § 342; 20 C.J. 982; 29 C.J.S. 1256; Minneapolis-Saint Paul Sanitary District v. Fitzpatrick, 201 Minn. 442, 277 N.W. 394, 124 A.L.R. 897. We adhere to this rule.

It is also argued that the court erred in giving instruction No. 5, to the effect that the value of the trees on the premises could not be more than nominal un-

less they had a cash value. The jury was told to determine from all the facts and circumstances the value of the trees, if any, as improvements, and in this there was no error. Evidence was offered tending to disclose that the trees were infected and valueless, and the objection of the defendant that the use of the words "value of the trees, if any" was confusing and prejudicial is without substantial merit. See Incorporated Town of Sallisaw v. Priest, 61 Okla. 9, 159 P. 1093, in which the court approved a similar instruction.

It is next argued that instruction No. 7, to the effect that under the preference right leases and contracts the rights of the defendant were limited thereby, deprived defendant of any future rights to accrue after the expiration thereof. Defendant cites and relies upon Noel v. Barrett, 18 Okla. 304, 90 P. 12, and other cases holding that a lessee has a preference right to renew or release and that such right is a valuable one subject to sale and purchase. We cannot agree with defendant that this right was taken away from the consideration of the jury. Witnesses explained thoroughly the right under the leases involved in the case at bar, and instruction No. 7 properly defined the defendant's rights. See Anderson-Prichard Oil Corp. v. McBride, 188 Okla. 384, 109 P. 2d 221, where the nature of preference right leases is defined in the substantial language of the instruction given by the trial court. There was no error in giving instruction No. 7.

We are committed to the rule that where the instructions as a whole clearly state the law applicable to the facts, the failure to include all the applicable law in a particular instruction is not error. Grand River Dam Authority v. Martin, 192 Okla. 614, 138 P. 2d 82.

In the final proposition it is argued that the court erred in ordering a return of the difference between the verdict of the jury and the amount of the award which was taken down by the defendant. It appears that this court has never

had occasion to pass directly upon this point. We believe, however, that there was clearly no error in this respect. 66 O.S. 1941 § 54 provides that the award of commissioners may be withdrawn when deposited as provided therein. Section 55 provides that either party may appeal from the award made. It then provides that judgment shall be entered as in other cases for the successful party. By the plain provisions thereof it is not only the right but the duty of the court to enter the judgment for the successful party, either raising the award in favor of the owner in the event it is raised by the verdict or enter a deficiency judgment in favor of the condemnor and against the owner if such deficiency judgment is reflected by the verdict. 29 C.J.S. 1378; Union Electric Co. v. Dawson, 228 Mo. App. 1224, 78 S.W. 2d 867; St. Louis O.H. & C. Ry. Co. v. Fowler, 113 Mo. 458, 20 S.W. 1069; Ringle v. Board of Chosen Freeholders, 59 N.J.L. 661, 29 Atl. 483; Grand River Dam Authority v. Jarvis, 124 Fed. 2d 914. See, also, language by this court in Short v. Highway, 151 Okla. 85, 1 P. 2d 676.

The judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.