Charles G. MEDEARIS and Birtie L. Medearis, husband and wife, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 38393.

Supreme Court of Oklahoma.

June 23, 1959.

Rehearing Denied July 21, 1959.

Sid White, Oklahoma City, for plaintiffs in error.

Roland A. Walters, Jr., Oklahoma City, of counsel, for defendant in error.

HALLEY, Justice.

This is an appeal by Charles G. Medearis and wife from a judgment of the District Court of McClain County in a condemnation proceeding whereby the State of Oklahoma ex rel. the Department of Highways had condemned 24.93 acres of land out of a farm owned by plaintiffs in error, to be used for the construction and relocation of U. S. Highway No. 77, as part of a national system of interstate and defense highways, and to be classed as a limited access highway as described in 69 O.S.1951 § 11.1, enacted in 1945.

The State, through its Highway Department, determined that the land condemned was needed for limited access facilities and commenced this action to condemn on January 3, 1957. After notice to the landowners, the district judge appointed three commissioners to view the land and assess the value of the land taken and the damage resulting to the landowners by reason of the taking. The appraisers took their oath of office, were properly instructed as to their duty and filed their report assessing damages at $17,700.

Within the time allowed by 69 O.S.1951 § 46, subsection 5, the State filed its demand for a jury trial as provided by law, and on December 11, 1957, a jury was duly impaneled and sworn. The landowners introduced their evidence and rested, and then the State introduced its evidence. The court instructed the jury and the case was argued and the jury returned a verdict, finding for the landowners and the Federal Land Bank of Wichita, Kansas, which held a mortgage on the land involved, and fixed their recovery at $13,250, reducing the amount fixed by the award of the commissioners by $4,450. The landowners filed a motion for a new trial and when their motion was overruled, they appealed to this Court.

In view of the fact that the statute providing for "limited access" highways or facilities was not enacted until 1945, we quote from Section 11.1(a) 69 O.S.1951, as follows:

"(a) Limited access highway. A limited access highway is a street or highway especially designed for through traffic, and over, from, or to which neither owners nor occupants of abutting lands, nor other persons have any right or easement of access, light, air or view; provided, however, that the governing body having jurisdiction thereover, may, from time to time, grant or abolish licenses of access thereto."

The landowners have appealed from the judgment awarding them only $13,250 for the value of the land condemned and damages to the remaining land by the construction of a limited access highway. They complain of erroneous instructions to the jury and also contend that the court erred in ruling that the burden of proof was upon them. We shall refer to the parties as plaintiff and defendants as they appeared in the trial court.

We think it is clear that under the rulings of this Court the burden of proof shifted to the defendants when the State Highway Department introduced its resolution declaring a necessity for condemning the land here sought to be condemned. This question is settled by our opinion in Nichols v. Oklahoma City, 195 Okl. 305, 157 P.2d 174.

The principal objection to the judgment rendered is the alleged error of the court in giving to the jury instruction No. 10, which is as follows:

"You are instructed that the highway to be constructed in the area in question will be what is known as a limited access highway. That is, a highway especially designed for through traffic, and to which the owners or occupants of abutting lands have no right of access immediately adjacent to or abutting their property.

"In this connection, you are instructed that prior to the taking of the land in question, no such highway existed, and the defendants had no right of access. This is called to your attention only for the purpose of instructing you that the right, or lack of the right, to access to the completed highway is not an element of damage in this case, and not to be considered as such by you in arriving at your conclusions.

"However, you may consider the limited access features of this new highway insofar as it may have a real and sensible effect on the market value of the land remaining and not taken. The termination of adjacent section line roads by the new highway may be considered by you, but only to the extent that the market value of the remaining land is so affected."

Since the law authorizing the creation and operation of limited access highways was not enacted until 1945, this Court has not had occasion to pass upon the exact question presented by the above instruction. It is not denied that prior to the institution of this action by the State to establish a limited access highway upon the land of defendants, no such highway existed upon any of the land here involved.

In the above instruction No. 10 the court advises the jury that the proposed highway to be constructed upon defendants' land will be a limited access highway, designed for through traffic, and to which the owners or occupants of abutting land "have no

right of access" adjacent to or abutting their lands. We find no objection to this paragraph.

In the next paragraph of instruction No. 10 the jury is told that prior to taking the land of defendants no limited access highway existed, and defendants had no right of access and that this is called to the attention of the jury only to instruct them that "the right, or lack of the right, to access to the completed highway is not an element of damage in this case * * *", and is not to be considered.

The court then tells the jury in the third paragraph of this instruction No. 10 that it may consider the limited access features of this new highway insofar as it may have an effect on the market value of defendants' remaining land, and that the termination of adjacent section line roads by the new road may be considered only to the extent that the market value of the remaining land may be affected.

In short the court instructed the jury that where a limited access road is constructed where no such road existed before, the landowner could not recover damages for the loss of access to such new road, because no such right existed before, and the loss of such rights should not be considered in assessing damages, because no such rights could be lost unless they existed before.

The plaintiff calls our attention to State, By and Through State Highway Commission v. Burk, 200 Or. 211, 265 P.2d 783, decided by the Supreme Court of Oregon, en banc, on January 13, 1954. The Supreme Court of Washington in State of Washington v. Calkins, 50 Wash.2d 716, 314 P.2d 449, 450, decided August 15, 1957, wherein the Burk case was followed, said in part as follows:

"It is well established that the owner of land abutting upon a conventional highway has an easement of ingress and egress. This has been treated as a property right, attached to the land. The courts unanimously hold that such an owner is entitled to just compensa-

tion if this easement or property right is taken or damaged. See Walker v. State, 48 Wash.2d 587, 295 P.2d 328, and cases cited; State, By and Through State Highway Comm. v. Burk, 200 Or. 211, 265 P.2d 783.

"However, where a new limited-access highway is established by condemnation in an area where no highway previously existed, there is no taking of an easement of access, because such an easement has never in fact existed. * * *" (citing the Burk case and others)

The Court then said:

"Thus, since the property owner has no easement, i. e., no right of access to the highway itself, it follows that an allowance of damages for the loss of such a nonexistent easement or right of access is unrealistic, unjustified in fact, and improper."

Since the court further instructed the jury in the case before us that it might consider the "limited access features" of the new highway insofar as it might effect the market value of the land not taken, we conclude that instruction No. 10 is not erroneous, and the judgment is affirmed.