Saretta S. FINLEY and Gravelly E. Finley, Plaintiffs in Error,

v.

The STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 39613.

Supreme Court of Oklahoma.

Oct. 30, 1962.

Rehearing Denied Jan. 8, 1963.

Bruce & Rowan, Oklahoma City, for plaintiffs in error.

Roland A. Walters, Jr., Special Counsel for Department of Highways of Oklahoma, Charles E. Chilton, Asst. Municipal Counselor, Oklahoma City, for defendant in error.

HALLEY, Justice.

The Department of Highways of the State of Oklahoma brought suit to condemn all of Lots Fourteen (14) and Fifteen (15) Block Ten (10) Orchard Addition to Oklahoma City for highway purposes. Commissioners were duly appointed to fix the value of these two lots which they did, arriving at the value of Thirteen Thousand Dollars ($13,000.00), which was deposited by the plaintiff and distributed to defendants upon their application. From this award the State demanded a jury trial. No question is raised as to the regularity of the proceedings to this point. Parties will be referred to as in the trial court.

After a trial to a jury a verdict of Eight Thousand Four Hundred Dollars ($8,400.00) was awarded to the defendants. A judgment for forty six hundred dollars was granted the plaintiff, being the difference between the Commissioners' award and the jury's verdict. The defendants appealed to this Court.

The defendants raise three grounds for reversal of this cause as follows: 1. Error in placing the burden of proof on the defendants; (2) Admission of incompetent evidence; 3. The evidence was insufficient to sustain the verdict; although the assignments of error are thirteen in number in their brief.

The defendants' first contention is unsupported by the citation of any cases. We have taken the contrary view. In Nichols v. Oklahoma City, 195 Okl. 305, 157 P.2d 174, we said that when a condemnor has established the right to take land by eminent domain the burden of proof is on the defendant owner to establish the value of the property taken. This rule was followed in Medearis v. State ex rel. Dept. of Highways, Okl., 341 P.2d 607.

The defendants have lumped all their remaining contentions and assignments of error under the head of insufficiency of the evidence. Their chief target is the testimony of the two expert witnesses offered by

the plaintiff, Mr. Oscar Monrad and Mr. Frank Grass. The record reveals that these two men are highly qualified real estate appraisers. They were familiar with the property in question although they had not been on the property. They had driven by it. They had pictures of the improvements for their use and were fully aware of all elements having to do with the value of the property.

To be sure the defendants had witnesses that testified as to the value of the property and if the jury had followed them, a much larger verdict would have been sustainable. However, the jury allowed the defendants $8,400.00 which was almost two thousand dollars more than what plaintiff's witnesses fixed as the value of the property. We think that the evidence of plaintiff was sufficient to sustain the verdict.

We have said that the qualifications of a witness to give opinion evidence is addressed very largely to the sound discretion of the trial court and its ruling that a witness is sufficiently qualified will not ordinarily be disturbed unless it clearly appears this discretion has been abused.

We think that defendants' criticisms of the judgment in the case at bar are fully answered in Finley et al. v. Board of County Commissioners of Oklahoma County, Okl., 291 P.2d 333.

The judgment of the trial court is affirmed.