Mary SWYDEN, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Defendant in Error.

No. 39804.

Supreme Court of Oklahoma.

Dec. 10, 1963.

Shapard & Cannon, Oklahoma City, for plaintiff in error.

Max Cook, Chief of Legal Division, Department of Highways, Jim Barnatt, Oklahoma City, for defendant in error.

HALLEY, Vice Chief Justice.

The Department of Highways of the State of Oklahoma brought suit to condemn all of Lots 10, 11, 12 and 13 of Block 12 of Orchard Park Addition to Oklahoma City for highway purposes. Commissioners were duly appointed to fix the value of these four lots, excluding mineral rights, which they did, arriving at a value of $28,-000. This sum was deposited with the Court Clerk by the plaintiff and was paid to defendant, Mary Swyden, upon her application. Parties will be referred to as in the trial court. Both plaintiff and defendant demanded a jury trial.

After a trial to the jury a verdict of $24,-000 was awarded to the defendant, Mary Swyden. A judgment of $4,000 was granted the plaintiff, being the difference between the Commissioners' award and the jury's verdict. Defendant, Mary Swyden, appealed to this Court.

The defendant raises only one point for reversal of this cause and that is that an expert witness may only testify as to value of property when his opinion is based either upon a personal examination thereof or pursuant to a hypothetical question. This case is very similar to Finley v. State ex rel. Dept. of Highways, Okl., 377 P.2d 596. Two expert witnesses in that case, Oscar Monrad and Frank Grass, testified in the case at bar. There they were held to be highly qualified real estate appraisers.

The third expert witness in this case was E. T. Hight who had been in the real estate business in Oklahoma City since 1944 and had dealt extensively in properties similar to that here involved. He testified that he was acquainted with the property under consideration, had been upon it several times and knew its value on October 31, 1958, the date it was taken by the State. He fixed the value of the four lots at $16,-000.

Expert witness, Frank Grass, for the plaintiff had been a real estate broker and appraiser for seven years. He was familiar with the property and had been in some of

the buildings. He looked at pictures of the property shown in defendant's Exhibit 2 which had been admitted in evidence. He fixed the value of the property at $15,643.

Plaintiff's expert witness, Oscar Monrad, testified that he had made an appraisement of this property along with other property eighteen years before and kept up with the development of that property through the years. His testimony along this line is as follows:

"Q. Are you familiar with the Mary Swyden property that is in question here today?

"A. Yes, sir; I am.

"Q. Were you familiar with that property immediately prior to October 31, 1958?

"A. I have been familiar with that whole general area over the last 18 years.

"Q. What work have you done in this area?

"A. Well, I have appraised a great many properties in the immediate vicinity there, on Western and on Clegern, and west of that in industrial properties on Indiana and on Reno; properties at Reno and Western; I had to do with the placing of industrial buildings on the property west of there 10 or 12 years ago; and I have continued my interest in that area ever since.

"Q. Do you know the fair market value of this property as of October 31, 1958?

"A. Yes.

"Q. What is that figure, sir?

"A. My opinion of the fair market value of this property as of October 31, 1958, was $14,600.00."

Clearly these witnesses were fully qualified to testify in this cause. The court's finding that these expert witnesses were well qualified and in a position to testify in this case was justified. See Finley v. Board of County Commissioners, Okl., 291 P.2d 333; Finley v. State ex rel. Dept. of Highways, Okl., 377 P.2d 596; and City of Tulsa v. Horwitz, 131 Okl. 63, 267 P. 852.

The fact remains that the defendant, Mary Swyden, received $8,000 more at the hands of the jury than the highest figure fixed by plaintiff's witnesses and $8,000 less than the lowest figure testified to by witnesses for defendant.

The witnesses on both sides of this case appeared to be well qualified to testify as to the value of the property involved herein. The jury seems to have reached a fair verdict.

The judgment is affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

JACKSON, J., concurs in result.