[No. 26018. Department One. January 14, 1936.]

THE STATE OF WASHINGTON, *on the Relation of B. L. Moline et al., Plaintiff,* v. MATT L. DRISCOLL, *as Judge of the Superior Court for Franklin County, Respondent.*[1]

[1]Reported in 53 P. (2d) 622.

*H. B. Noland,* for relators.

*C. M. O'Brien* and *Edward A. Davis,* for respondent.

BEALS, J.—This is an original application filed in this court for a writ of certiorari to review a judgment of the superior court for Franklin county dismissing an action brought in that court by B. L. Moline and Adelaide L. Moline, husband and wife, who sought a decree restraining L. V. Murrow and Norman Hill, officials of the state department of highways, the city of Pasco, a municipal corporation, and S. N. McGee, its mayor, from proceeding with the proposed improvement of Lewis street, in the city of Pasco, without previously submitting to a jury the question of whether or not certain real estate belonging to Mr. and Mrs. Moline was damaged by the improvement.

In their complaint, plaintiffs alleged that they were the owners of lot one and the south half of lot two, in block three, of Northern Pacific Railway Company's plat of the town of Pasco, which property has a frontage of one hundred thirty feet on Lewis street and a frontage of seventy-five feet on Tacoma avenue, and is improved with a three-story and basement hotel, owned and operated by plaintiffs; that Lewis street is the principal thoroughfare through the city of Pasco; that both Lewis street and Tacoma avenue were long since paved at an established grade; that a fourteen foot concrete and steel sidewalk borders on both street sides of the hotel property; that approximately fifty

feet of Lewis street is paved for vehicular traffic; that Lewis street, immediately east of its intersection with Tacoma avenue, is crossed by the main line of the Northern Pacific Railway; that the defendants have planned and are intending to construct on Lewis street an under-crossing to separate the railway grade and the surface grade of Lewis street, and are proposing to lower a portion of the surface of Lewis street in front of plaintiffs' property for the purpose of providing a method by which vehicular and other traffic may avoid crossing the railway tracks at grade; that the under-crossing will become a permanent part of the state highway and constitutes a public use; that plaintiffs' property is damaged by reason of the change of grade of part of the surface of Lewis street; that plaintiffs' damages because of this change of grade have not been ascertained as provided by law; and that the improvement is about to be constructed without the ascertainment of plaintiffs' damages.

On the trial, it appeared that the undergrade-crossing will be twenty-four feet in width, and that, at the intersection of Lewis street and Tacoma avenue and in front of the hotel property, it will be fifteen feet below the present grade of Lewis street. The cut in the street will be about two blocks long, extending one block each way from the hotel, commencing at the present grade and descending to a maximum depth of fifteen feet.

Lewis street is eighty feet in width over all, the cut twenty-four feet in width to be in the center of the street, leaving, after allowing for retaining walls, approximately twenty-six and one-half feet of Lewis street at the present grade on each side of the under-crossing. At present, the sidewalk in front of the hotel property is fourteen feet in width. By the proposed improvement, this sidewalk will be reduced to six feet,

the strip of pavement at the present grade for vehicular traffic in front of the hotel property to be approximately twenty feet in width.

The trial court found that the contemplated improvement was proper and necessary and that plaintiffs failed to establish that their property would be damaged by the improvement, and dismissed the action. Plaintiffs have, by this application for a writ of certiorari, brought the judgment entered by the trial court before us for review. Relators Moline will be hereinafter referred to as appellants.

The subject matter of the action being emergent, and it being evident that the remedy by appeal is inadequate, due to the time which would necessarily elapse before an appeal could reach this court in the regular course, appellants properly present for review the judgment of the superior court by way of a writ of certiorari.

Appellants rely upon Art. I, § 16, of the state constitution, which directs that private property shall not be taken or damaged for public or private use without just compensation having been first made.

In the case of *State v. Superior Court for Walla Walla County,* 167 Wash. 334, 9 P. (2d) 70, this court said:

"That a change of an established grade of a street or highway may constitute a damage to the property of abutting owners for which they are entitled to recover, has been consistently held in this state from *Brown v. Seattle,* 5 Wash. 35, 31 Pac. 313, 32 Pac. 214, 18 L. R. A. 161, to *Great Northern Railway Co. v. State,* 102 Wash. 348, 173 Pac. 40. In the last cited case, we held that the same rules of law, under our constitution, applied to the state as to other municipalities within the state; that the fact that the state did not condemn the owner's property in advance did not absolve it from liability; and that the constitutional provisions were designed to protect all the essential

elements of ownership which make property valuable.

"Our constitution, Art. I, § 16, prescribes that no private property shall be taken or damaged for public or private use without just compensation having been first made or paid into court for the owner. Under this provision of the constitution, it has been held from an early day that the landowner must not be put to the expense of litigation in order to preserve his constitutional right to have the amount of damages determined by a court in a proceeding to which he is a party. *Adams County v. Dobschlag*, 19 Wash. 356, 53 Pac. 339; *Little v. King County*, 159 Wash. 326, 293 Pac. 438."

Appellants' hotel property is apparently advantageously situated on the main thoroughfare through the town of Pasco. They have heretofore enjoyed the benefit of a concrete sidewalk fourteen feet in width in front of their hotel, and beyond that a wide strip of vehicular pavement, all at the grade of their own property. By the proposed improvement, their sidewalk will be narrowed to six feet, and the pavement at grade in front of their property will be narrowed to twenty feet. The middle portion of the highway, in front of appellants' hotel, will be fifteen feet below grade. It is evident that the condition of the street in front of the hotel will be greatly changed by the contemplated improvement.

Somewhat similar questions have been considered by this court in the cases of *Hatch v. Tacoma etc. R. Co.*, 6 Wash. 1, 32 Pac. 1063; *Lund v. Idaho & Washington N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916; *Smith v. Centralia*, 55 Wash. 573, 104 Pac. 797; *Keil v. Grays Harbor & Puget Sound R. Co.*, 71 Wash. 163, 127 Pac. 1113; *Fry v. O'Leary*, 141 Wash. 465, 252 Pac. 111, 49 A. L. R. 1249.

It is argued on behalf of respondents that, under the rule laid down by this court in the case of *Ettor v. Tacoma*, 228 U. S. 148, 33 S. Ct. 428, appel-

lants' right to damages is questionable, and that, if the right of an abutting owner to compensation is not absolutely clear, an injunction will be denied, under the doctrine of the case of *Ferry-Leary Land Co. v. Holt & Jeffery,* 53 Wash. 584, 102 Pac. 445. It is also argued that, if appellants suffer any damages, they should be relegated to their right to proceed against the city by filing a claim and suing thereon, if payment of the claim be refused.

We are convinced that the showing made by appellants takes this case without the rule laid down in the authorities relied on by respondents. Under the authorities, we are convinced that the trial court erred in dismissing appellants' action and in refusing to restrain work on the street until the question of any damages which might result to appellants therefrom be determined in the manner provided by law.

The judgment appealed from is reversed, with instructions to the trial court to grant to appellants the relief for which they have asked.

MILLARD, C. J., BLAKE, GERAGHTY, and STEINERT, JJ., concur.