(No. 4522— )

HOMER J. TIPPS AND ANNA B. TIPPS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1953.*
*Petition of Claimants for rehearing denied April 23, 1954.*

DALE TEMPLEMAM, Attorney for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

At the time Homer J. Tipps and Anna B. Tipps, his wife, filed their complaint herein, they owned in joint tenancy six acres of land east of Springfield, Illinois. The land was located near Route No. 36 across from the Oak Crest Country Club, and was improved with eight tile cabins and a four room house. At the time of the hearing all of the property had been sold, but the claim in question had not been assigned. No claim is now being made for damages to the house and three acres of the land. Claim for damages is only being made for the eight cabins and two acres of land, and an additional acre of ground, by reason of water flowing across this land.

In 1952 the State of Illinois relocated a part of State Route No. 36, between the Oak Crest Country Club and the corner of Camp Butler Cemetery, eliminating a right angle turn from this highway. Its construction was completed in August of 1952.

The property, upon which the tourist cabins were situated before the relocation of Route No. 36, did not adjoin said highway. However, when the road was relocated, the cabins were not visible from the new highway. Access could be obtained to said cabins from the old highway, which was not removed.

Claimants in their complaint seek the following damages, as set forth in paragraph 6:

a. 3 acres rendered useless, due to water running across and standing upon the same, Fifteen Hundred Dollars.

b. Building and maintenance of a road by claimants across their acreage for business purposes, Two Thousand Dollars; or the damage to claimants' business due to a lack of such road, at such times as the same was washed out, Four Thousand Dollars.

c. Expenses of engineering, surveying and planning such roads, Five Hundred Dollars.

If claimants have any right of recovery, it must be by virtue of the constitutional provision, namely, Article II, Section 13, to the effect that "private property shall not be taken or damaged for public use without just compensation".

A considerable amount of testimony has been introduced relative to drainage of water prior to the relocation of the new highway, and the drainage after the relocation. However, from the exhibits, which are plats of the area, and area photographs, it appears that the area contained in the water shed was increased by approximately eight acres after the relocation of Highway No. 36, but that there was no diversion of the flow of surface water. However, on the theory that this case was tried, and the law involved, we do not believe that this would be too material, as the claimants first contend under paragraph 6, sub-paragraph a, that three acres of land were rendered useless, due to water running across and standing upon the same. In this regard,

claimants introduced testimony that without the private roadway, claimants did not build, their income from the cabins fell from $1,244.00 for the year before the construction to no income whatsoever after the relocation of the highway. There was no testimony introduced that the cabins were ever flooded, or were inaccessible, or rendered useless, and there were only two or three occasions testified to when water was seen flowing across claimants' land. It is hard for us to understand how this could cause such a decrease in business, or prohibit the claimants from renting the cabins. It seens that, if there was such a decrease of income, it was due to the fact that the highway was relocated, and claimants did not see fit to construct a driveway from their land, on which the cabins were situated, to the relocated highway, which they were given permission to do by the State of Illinois, thereby making the property accessible for their customers.

The relocation of State Route No. 36 made the cabins inaccessible from the new highway, and not visible from the road, which seems to be the real reason why there was a decrease in business. It is the law of this State that abutting property owners do not have a vested right in the volume of traffic passing their property. This was discussed in the case of *Grothe* vs. *State of Illinois*, 10 C.C.R. 50; *Calumet Federal Savings & Loan Assn.* vs. *City of Chicago*, 306 Ill. App. 524. In the Grothe case, this Court held that the State was not liable for loss of business caused by closing a State route for a period of several months.

Our courts have also held that if an obstruction, or improvement, does not practically affect the enjoyment or use of property not taken, but merely causes inconvenience or loss of business to the occupant of

the property, an action for damages will not lie. *City of Chicago* vs. *Union Bldg. Assn.*, 102 Ill. 379; *City of Winchester* vs. *Ring*, 312 Ill. 544; and *Malleable Iron Co.* vs. *Park Comrs.*, 263 Ill. 446.

In considering sub-paragraph b of paragraph 6, claimants are seeking damages for the building and maintenance of a road across their land, and also for damages to claimants' business, due to a lack of such road. There is no evidence that claimants ever constructed a road from their property to the new highway. This paragraph is based purely upon speculative, and not actual damages. Even if they had constructed a road, they would not be entitled to recover the cost of said road from the State.

Sub-paragraph c of paragraph 6 covers expenses of engineering, surveying and planning. There is no evidence of any actual expenditure for engineering, surveying and planning. Even if claimants had expended money for engineering, it would not be a proper item of damages recoverable from the State of Illinois.

The proper measure of damages, if any, is the difference between the fair cash market value of the property immediately before and after the improvement.

*Nauyoks, Et Al* vs. *State*, 11 C.C.R. 542.
*Oetting* vs. *State*, 11 C.C.R. 527.
*Walkowiak, Et Al* vs. *State*, 12 C.C.R. 335.
*Spur Dist. Co.* vs. *State*, 13 C.C.R. 94.
*Tenboer, Et Al* vs. *State*, No. 4300, opinion filed on November 26, 1952.

There was no testimony offered by the claimants to show the difference between the fair cash market value of the property on which the cabins were located before and after the relocation of Route No. 36. As to the additional acre for which claimants seek damages, the claimant, Homer J. Tipps, testified that he received

$1,000.00 for the acre of land, which was the value placed upon this land and other land in the vicinity prior to the relocation of Route No. 36.

Inasmuch as the burden of proof is upon the claimants to prove damages by a preponderance or greater weight of the evidence as a result of the relocation of Highway No. 36, we find that claimants have failed to prove their claim, and an award for damages must, therefore, be denied.

---

### SUPPLEMENTAL OPINION

FEARER, J.

On the 18th day of December, 1953, this Court filed an opinion denying an award to claimants. On January 18, 1954, a petition for rehearing was filed.

In the Court's opinion, the pertinent portions of the complaint were referred to, and particular reference was made to paragraph 6, wherein the damages claimed were set forth in sub-paragraphs a, b, and c.

Claimants did not offer any competent evidence to substantiate the damages set forth. Furthermore, pertinent proof was not made as to the fair cash market value of the real estate affected prior to the relocation, and the fair cash market value of the real estate subsequent to the relocation of said highway by the respondent.

In our opinion, we set forth the points and authorities relied upon in denying claimants' claim, and stated that we did not believe it was necessary to go into the question of the diversion of the flow of surface water, but were of the opinion that the construction did not cause a diversion of the flow of surface water, as proved by competent exhibits introduced by respondent, and testimony offered in support thereof.

If the claimants did suffer a loss in business, this could be attributable to the relocation of the highway, which, of course, would not entitle claimants to damages, as set forth in our opinion with points and authorities cited therein.

The petition of claimants for rehearing is, therefore, denied.