[No. 33385. Department Two. March 29, 1956.]

VIRGIL H. WALKER et al., *Appellants*, v. THE STATE OF WASHINGTON et al., *Respondents*.[1]

[1]Reported in 295 P. (2d) 328.

*Riddell, Riddell & Williams*, for appellants.

*The Attorney General, Paul Sinnit, Edward E. Level*, and *Newell Smith, Assistants*, for respondents.

WEAVER, J.—In this action, plaintiffs pray that the state highway commission be enjoined from installing a concrete center-line curb on that portion of primary state highway No. 2 upon which plaintiffs' property abuts, until (a) the commission follows the procedures set forth in RCW 47.52 (limited access facilities statute) and (b) until fair compensation shall first have been paid to plaintiffs; or, should the curb be installed during the pendency of this action, a jury be impaneled to determine plaintiffs' damages.

The trial court sustained a demurrer to plaintiffs' amended complaint. Refusing to plead further, they appeal from a judgment dismissing their action with prejudice.

Plaintiffs own various interests in certain real property. A motel is located thereon. The only access to the property is its five-hundred-foot frontage along the south side of primary state highway No. 2.

The allegations upon which plaintiffs rely to set forth a cause of action are these:

That plaintiffs' motel property abuts the south side of a four-lane highway; that tourists who travel in a westerly direction make up the bulk of plaintiffs' patronage, which requires that they make a left-hand turn across the high-

way, against oncoming traffic, in order to enter plaintiffs' property; that

". . . defendants State of Washington and State of Washington Highway Commission purport to install the said raised concrete bar or curb ["at the center of said highway"] pursuant to the police powers of the State of Washington and without compliance with R.C.W. Chapter 47.52";

that the state has made an administrative determination that the highway in front of plaintiffs' property is to be changed to a permanent limited-access facility, has initiated studies, prepared detailed plans, and initiated "hearings thereon pursuant to R.C.W., Chapter 47.52"; that the proposed concrete center-line curb is an integral part of, and a necessary step in, the construction of the limited-access facility as planned by the defendants;

". . . that the deprivation of egress and ingress as above described will severely damage the above described property and will seriously depress the fair market value of said property, in an amount not fully known to plaintiffs at this time. That the plaintiffs have no adequate remedy at law";

that defendants have notified plaintiffs that they will not follow the procedure of RCW 47.52 for the installation of the dividing curb; and that compensation for damages allegedly arising therefrom will not be paid.

■ We do not consider the affidavits and counter-affidavits which appear in the record. We cannot go outside the amended complaint to ascertain the facts. *Arnesen v. Rowe*, 46 Wn. (2d) 718, 284 P. (2d) 329 (1955).

The demurrer to plaintiffs' amended complaint presents a question of first impression in this jurisdiction.

Is an abutting property owner entitled to compensation under Art. I, § 16, amendment 9, of the state constitution, because an alleged diminution of the right of ingress and egress arises out of the installation, by the highway authorities, of a curb or dividing section in the center of a four-lane highway?

■ The owner of property abutting upon a public thoroughfare has a right to free and convenient access thereto.

This right of ingress and egress attaches to the land. It is a property right, as complete as ownership of the land itself.

■ On numerous occasions, this court has held that the abutting property owner is entitled to just compensation if this right is taken or damaged. *Brown v. Seattle*, 5 Wash. 35, 31 Pac. 313 (1892) (reduction of street grade in front of owner's property); *State ex rel. Smith v. Superior Court*, 26 Wash. 278, 66 Pac. 385 (1901) (a trestle and elevated railway built in front of relator's property); *Lund v. Idaho & Washington Northern R.*, 50 Wash. 574, 97 Pac. 665 (1908) (railroad tracks installed diagonally across street in front of property); *Brazell v. Seattle*, 55 Wash. 180, 104 Pac. 155 (1909) (vacation of one half of street opposite plaintiff's property); *Smith v .Centralia*, 55 Wash. 573, 104 Pac. 797 (1909) (vacation of portion of street opposite plaintiff's land); *Fry v. O'Leary*, 141 Wash. 465, 252 Pac. 111 (1927) (vacation of portion of street); *State ex rel. Moline v. Driscoll*, 185 Wash. 229, 53 P. (2d) 622 (1936) (street grade lowered and sidewalk reduced in width).

In these cases, there was either physical injury to the owner's property or physical impairment of access. None of them involves the division of a public thoroughfare into separate roadways by division stripes or concrete curbs. Exercise of police power was not involved. Factually, they are distinguishable from the case before us.

The facts alleged in the amended complaint indicate that the real basis of plaintiffs' claim for damages is the diversion of westbound traffic from their motel business. Since there is eastbound traffic in front of plaintiffs' property, it is permissible for us to infer that westbound traffic may turn, at some point west of plaintiffs' property, and become eastbound, and thus approach plaintiffs' property.

■■ Plaintiffs have no property right in the continuation or maintenance of the flow of traffic past their property. They still have free and unhampered ingress and egress to their property. Once on the highway, to which they have free access, they are in the same position and subject to the same police power regulations as every other member of the traveling public. Plaintiffs, and every mem-

ber of the traveling public subject to traffic regulations, have the same right of free access *to* the property *from* the highway. Re-routing and diversion of traffic are police power regulations. Circuity of route, resulting from an exercise of the police power, is an incidental result of a lawful act. It is not the taking or damaging of a property right.

We have found no authority, nor has any been called to our attention, which allows, to the abutting property owner, damages allegedly arising from statutes or ordinances (a) establishing one-way streets; (b) forbidding "U" and left turns; or (c) authorizing the use of other suitable traffic-control devices deemed necessary by the proper authorities to warn, regulate, and guide traffic upon public thoroughfares.

Although an abutting property owner may be inconvenienced by one-way traffic regulation immediately in front of his property, he has no remedy if such regulation be reasonably adapted to the benefit of the traveling public. The property owner must point to illegality, fraud, or arbitrary or capricious conduct.

Plaintiffs allege that defendants propose to install the center-line curb "pursuant to the police powers of the State of Washington." They do not allege facts from which it might be concluded that this exercise of the police power is arbitrary and capricious. Statutory authority for the erection and maintenance of traffic-control devices is found in RCW 43.27.100, 46.04.610, and 47.36.050.

A concrete curb erected on the center line of a four-lane highway is a physical obstruction that prevents left turns into oncoming traffic. It is a traffic-control device, within the purview of our statutes, authorized under the police power of the state.

Damages resulting from the exercise of the police power are noncompensable.

Our conclusion is supported by the following authorities: *Holman v. State*, 97 Cal. App. (2d) 237, 217 P. (2d) 448 (1950); *People v. Sayig*, 101 Cal. App. (2d) 890, 226 P. (2d) 702 (1951); *Jones Beach Boulevard Estate v. Moses*, 268 N. Y. 362, 197 N. E. 313, 100 A. L. R. 487 (1935); *Eighth*

*Avenue Coach Corp. v. New York*, 170 Misc. 243, 10 N. Y. S. (2d) 170 (1939); see *Kimmel v. Spokane*, 7 Wn. (2d) 372, 109 P. (2d) 1069 (1941); Annotation: "Traffic regulations which interfere with or restrict access to and from abutting property," 100 A. L. R. 491.

Plaintiffs' allegations that the highway commission has made an "administrative determination," "initiated studies," and

". . . prepared detailed plans of a limited access facility for said portion [of the highway], and has initiated hearings thereon pursuant to R.C.W., Chapter 47.52,"

is not sufficient to establish the highway as a limited access facility under the statute. Furthermore, as applied to the specific problem before us, we find nothing in the statute that indicates a legislative intent to surrender or modify the right of the highway commission to install and maintain traffic-control devices under the police power.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.

---

May 9, 1956. Petition for rehearing denied.