[No. 34824.   *En Banc.*   November 5, 1959.]

E. G. McMORAN, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent.*[1]

[1]Reported in 345 P. (2d) 598.

*Rummens, Griffin, Short & Cressman,* for appellant.

*The Attorney General* and *Edward E. Level, Assistant,* for respondent.

HUNTER, J.—This appeal involves an action for damages by an abutting property owner for interference by the state with his easement of ingress and egress to the highway.

The department of highways constructed a concrete curb along the edge of the outside lane of the traveled portion of the thoroughfare (state primary highway No. 2 in Chelan county), thirty-five feet from the outer edge of the highway right of way, upon which the plaintiff's property abuts, paralleling the entire frontage of his property. The thirty-five foot strip between the curb line and the plaintiff's property line has been converted by the state into a frontage road, whereby plaintiff may attain access to the thoroughfare by an opening in the curb line, 50 feet past the termination of his property line.

At the trial, there being no dispute on these facts, no witnesses were called upon the question of damages which, by stipulation, was left to further proceedings. Each party moved for a summary judgment. The state's motion was granted.

The trial court entered its findings, which read in part as follows:

"V. That said curb is intended to separate a lane for through traffic from a road designed for local use."

The court concluded therefrom that the construction of the curb was a proper exercise of defendant's police power and, in pursuance thereof, that there was no taking or damaging of the access rights of the plaintiff by said con-

struction. Summary judgment of dismissal was thereupon entered in favor of the defendant. Plaintiff appeals.

The sole issue in this case is whether the appellant is entitled to be paid compensation by the respondent state of Washington, under Art. I, amendment 9, § 16, of our state constitution, for its taking of his right of direct ingress and egress to the highway upon which his property abuts.

It is admitted by respondent that it relies primarily on the case of *Walker v. State,* 48 Wn. (2d) 587, 295 P. (2d) 328 (1956), to support its judgment. The essence of our holding in that case is contained in the following paragraphs:

*"The owner of property abutting upon a public thoroughfare has a right to free and convenient access thereto. This right of ingress and egress attaches to the land. It is a property right, as complete as ownership of the land itself.*

*"On numerous occasions, this court has held that the abutting property owner is entitled to just compensation if this right is taken or damaged.* [Citations omitted.]

"In these cases, there was either physical injury to the owner's property or physical impairment of access. None of them involves the division of a public thoroughfare into separate roadways by division stripes or concrete curbs. Exercise of police power was not involved. Factually, they are distinguishable from the case before us.

"The facts alleged in the amended complaint indicate that the real basis of plaintiffs' claim for damages is the diversion of westbound traffic from their motel business. Since there is eastbound traffic in front of plaintiffs' property, it is permissible for us to infer that westbound traffic may turn, at some point west of plaintiffs' property, and become eastbound, and thus approach plaintiffs' property.

*"Plaintiffs have no property right in the continuation or maintenance of the flow of traffic past their property. They still have free and unhampered ingress and egress to their property. Once on the highway, to which they have free access, they are in the same position and subject to the same police power regulations as every other member of the traveling public. Plaintiffs, and every member of the traveling public subject to traffic regulations, have the same right of free access to the property from the highway.* Re-routing and diversion of traffic are police power regulations. Circuity of route, resulting from an exercise of the

police power, is an incidental result of a lawful act. It is not the taking or damaging of a property right." (Italics ours.)

■ It appears clear to us that the holding in the *Walker* case is predicated upon the right of the state, in the exercise of its police power, to erect safety and control devices to regulate the flow of traffic on the highways. It clearly limits this right of regulation to the users of the highway, after they have gained access to the thoroughfare where the general traffic flows. It affirmatively recognized that this right of regulation, under the facts in that case, did not interfere with the abutting property owner's ingress and egress to the highway.

■ The *Walker* case, *supra,* further recognizes the established rule of law, which is controlling in the instant case, that the owner of property abutting upon a public thoroughfare has a right to free and convenient access thereto. This right of ingress and egress attaches to the land. It is a property right, as complete as ownership of the land itself. In *State v. Calkins,* 50 Wn. (2d) 716, 314 P. (2d) 449 (1957), we said:

"It is well established that the owner of land abutting upon a conventional highway has an easement of ingress and egress. This has been treated as a property right, attached to the land. *The courts unanimously hold that such an owner is entitled to just compensation if this easement or property right is taken or damaged. . . .* " (Italics ours.)

See, also, *State v. Fox,* 53 Wn. (2d) 216, 332 P. (2d) 943 (1958).

■ In the instant case, the appellant was deprived of this property right by the respondent's erection of the physical obstruction of a concrete curbing, without payment of compensation therefor. Respondent contends, however, that the appellant has not been denied direct access to the highway, since he has direct access to the right of way. There is no merit in such contention. The appellant was entitled to direct access to the thoroughfare where the traffic flows, as contemplated in the *Walker* case, *supra.*

■ The trial court erred in granting respondent's motion for a summary judgment, and entering judgment dismissing appellant's action with prejudice. The judgment of the trial court is reversed, and the case is remanded for the entry of a judgment for liability only, with the damages for the taking of appellant's right of access to be determined at a trial on the merits.

WEAVER, C. J., MALLERY, HILL, DONWORTH, ROSELLINI, and FOSTER, JJ. concur.

FINLEY, J., concurs in the result.

OTT, J. (concurring in the result)—When the legislature adopted limited access facilities for the state of Washington in 1951, it made a declaration of policy as follows:

"Unrestricted access to and from public highways has resulted in congestion and peril for the traveler. It has caused undue slowing of all traffic in many areas. The investment of the public in highway facilities has been impaired and highway facilities costing vast sums of money will have to be relocated and reconstructed. It is the declared policy of this state to limit access to the highway facilities of this state in the interest of highway safety and for the preservation of the investment of the public in such facilities." RCW 47.52.001.

The act also defined existing highways:

"For the purposes of this chapter, the term 'existing highway' shall include all highways, roads and streets duly established, constructed, and in use. It shall not include new highways, roads or streets, or relocated highways, roads or streets, or portions of existing highways, roads or streets which are relocated." RCW 47.52.011.

In 1955, the legislature amended the law relating to the right of access of abutting owners to existing highways as follows:

"No existing public highway, road or street shall be constructed as a limited access facility except upon the waiver, purchase, or condemnation of the abutting owner's right of access thereto as herein provided. . . . " RCW 47.52.080.

The court found, in conformity with the stipulated facts, that the appellant owned property in Chelan county, and that "said property lies immediately east of and *abuts* upon Primary State Highway No. 2." (Italics mine.)

The admitted facts establish that the highway commission converted a part of the formerly designated primary state highway No. 2 (at the location here in question) into a freeway, with limited access facilities which contained concrete barriers preventing ingress and egress except through the established medium of limited access approaches.

The deed which the state obtained from the abutting owner was a standard form of warranty deed:

" . . . the Grantors . . . for and in consideration of the sum of TEN ($10.00) Dollars, and other valuable considerations in hand paid, the receipt whereof is hereby acknowledged hereby convey and warrant to the State of Washington, the following described real estate situated in Chelan County, in the State of Washington: [metes and bounds description of the real estate] . . . "

The stipulation indicates that the actual consideration was $1,740.

The construction of such freeways, with limited access facilities and the regulation of traffic thereon, as the legislature ordained, is a proper exercise of the police power of the state. When a governmental agency exercises the state's police power, in accordance with the statute, any inconvenience, previous use, or rights enjoyed by an individual are not compensable in damages for the reason that the use, rights, and inconvenience are subordinate to the greater duty which the state owes to all of its citizens, namely, their safety and protection. See *State v. Calkins,* 50 Wn. (2d) 716, 314 P. (2d) 449 (1957).

In adopting the limited access facilities statute, the legislature, after declaring the act to be an exercise of its police power, *granted compensation* to abutting property owners, if their access to the *existing* highway is impaired, as follows:

"No *existing* public highway . . . shall be con-

structed as a limited access facility except upon the *waiver, purchase,* or *condemnation* of the abutting owner's right of access thereto as herein provided. . . . " (Italics mine.) RCW 47.52.080, *supra.*

Did the state purchase the owner's right of access? The deed does not so provide. It compensates the abutting property owner only for the area which was purchased. If any part of the consideration paid was for "the abutting owner's right of access" to the then existing primary state highway No. 2, the deed should so state. There was no waiver or condemnation of the abutting owner's right of access.

Since the agreed facts in the instant case do not indicate that there was a *waiver, purchase* or *condemnation* of the access rights of the abutting owner to an existing highway, the owner has been divested of the right of access without due process of law.

For the reasons stated, I concur in the result that the judgment should be reversed.

---

December 16, 1959. Petition for rehearing denied.