(No. 36179.

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* EMELINE MABEE *et al.,* Appellees.

*Opinion filed May 19, 1961.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and THEODORE G. MAHERAS, Assistant Attorneys General, of counsel,) for appellant.

HEIPLE & HEIPLE, of Washington, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The question presented by this appeal is whether an abutting property owner may recover damages to property not taken allegedly caused by a traffic regulation restricting access to his property to one direction.

The county court of Woodford County rendered judgment on the verdict of a jury awarding to defendants, Emeline Mabee and Eugene R. Mabee, the sums of $905 for property taken and $3295 for damage to property not taken. The Department of Public Works and Buildings seeks direct review of the case in this court pursuant to section 12 of the Eminent Domain Act. Ill. Rev. Stat. 1957, chap. 47, par. 12.

Mabee operates a gasoline service station on a tract of land which lies within a right angle formed by State Bond Issue Route 9 which abuts on the north and the west sides of the tract. A driveway on the tract forms an arc connecting the legs of the right angle formed by the highway at this point. An insurmountable median has been constructed on that portion of the highway abutting on the north side of the tract which limits the access on the north to the eastbound traffic lane of the highway.

The trial court over objections permitted the introduction of evidence showing that the construction of the insurmountable medial divider reduces the value of the tract for filling station purposes. The court also instructed the jury that it could consider the effect the medial divider had on

the value of property not taken. It refused the Department's instruction that the medial divider was constructed by virtue of the State's police power and cannot be made the basis of a claim for damages.

The defendants do not contend that the placing of the insurmountable medial divider on the north side of their property was an abuse of the State's police power. They argue rather that their property has been .damaged within the meaning of section 13 of article II of our constitution.

We recognize that the success of a business such as a gasoline service station is largely dependent on its convenient availability to motorists on the highway, that a large number of motorists will pass a station rather than follow a circuitous route to reach it and that therefore a one-way traffic regulation immediately in front of a service station may reduce the volume of business and to some extent the value of the property. It must be remembered, however, that our highways are built and maintained to meet public necessity, safety and convenience and not for the enhancement or maintenance of occasional property owners' businesses along the route.

A number of States have considered this problem and concluded that an abutting property owner is not entitled to compensation for the diminished property value or loss of business caused by the diversion of traffic by a one-way traffic control device or the complete relocation of the highway. (*State of Indiana* v. *Ensley*, —— Ind. ——, 164 N.E.2d 342; *Iowa State Highway Com.* v. *Smith*, 248 Iowa 869, 82 N.W.2d 755; *Walker* v. *State*, 48 Wash.2d 587, 295 P.2d 328; *State ex rel. Merrit* v. *Linzell*, 163 Ohio St. 97, 126 N.E.2d 53; *State* v. *Hoblitt*, 87 Mont. 403, 288 Pac. 181; *Heil* v. *Allegheny County*, 330 Pa. 449, 199 Atl. 341; *Nelson* v. *State Highway Board*, 110 Vt. 44, 1 A.2d 689; Annot. 118 A.L.R. 921.) This conclusion is premised on the fact that an abutting owner has no property right in the continuation or maintenance of the flow of traffic past

his property. We agree with the conclusion reached by these courts. The diminution in the value of land or the loss of business occasioned by a one-way traffic regulation that diverts a portion of the flow of traffic from in front of one's premises is the result of the exercise of the police power; it is not the taking or damaging of property within the meaning of our constitution; and it is not therefore compensable. See *Ryan* v. *Rosenstone,* 20 Ill.2d 79.

The defendants also argue that their right of access has been damaged and that such damage is compensable. It is a well-established rule in this State that the right of access to an existing public street or highway is a valuable property right which cannot be taken away or materially impaired without just compensation. (*Department of Public Works and Buildings* v. *Wolf,* 414 Ill. 386; *Illinois Malleable Iron Co.* v. *Comrs. of Lincoln Park,* 263 Ill. 446; *Rigney* v. *City of Chicago,* 102 Ill. 64.) This rule has been applied where a public improvement has completely, (*People ex rel. First National Bank of Blue Island* v. *Kingery,* 369, Ill. 289,) or materially (*Rigney* v. *City of Chicago,* 102 Ill. 64,) destroyed a property owner's means of access to the whole highway by raising or lowering the grade of the highway. The rule cannot be applied, however, where the property owner's free and direct access to the lane of traffic abutting on his property has not been taken or impaired. Once on the highway he is in the same position and subject to the same police-power regulations as every other member of the traveling public. (*Walker* v. *State,* 48 Wash.2d 587, 295 P.2d 328.) The inconvenience of a one-way traffic regulation may be greater in degree as to a person whose premises abut on the highway where such a regulation has been invoked, but this cannot be the basis for damages. *Illinois Malleable Iron Co.* v. *Comrs. of Lincoln Park,* 263 Ill. 446; *City of East St. Louis* v. *O'Flynn,* 119 Ill. 200.

The trial court erred in instructing the jury that they might consider the reduced value of the defendants' property

caused by the construction of the insurmountable medial divider and in permitting defendants' witnesses to testify to the reduced value of the property caused by the construction of the divider. The judgment is accordingly reversed and the cause remanded to the county court of Woodford County for a new trial. *Reversed and remanded.*