THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellant,
*v.* WILSON AND COMPANY, INC., *et al.*, Defendants-Appellees.

(No. 73-18;

Second District—September 24, 1974.

*Rehearing denied October 23, 1974.*

William J. Scott, Attorney General, of Chicago, (Frank S. Righeimer, William P. Ryan, and John E. Waghorne, Assistant Attorneys General, of counsel), for appellant.

Foran, Weiss & Schultz, of Chicago, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is a condemnation proceeding wherein the petitioner appeals from a judgment awarding the defendant $21,400 for the land taken and $64,000 for damage to the remainder. The appeal concerns only the propriety of the latter award and questions: (1) whether the trial court erred by allowing defendant to introduce evidence concerning damages to the remainder; (2) whether such award included non-compensable elements of damages; and (3) whether the trial court erred when it directed the jury to return a verdict in favor of the defendant in the sum of $64,000.

Defendant's property, a 5.24-acre tract, was located immediately west of Route 83 on the north side of Roosevelt Road. Its only ingress and egress was on Roosevelt Road via a 151.2' frontage strip. Route 83 is a high-volume traffic artery and the property facing Roosevelt Road contains various commercial enterprises. The petitioner sought to take .55 acres which included defendant's entire frontage on Roosevelt Road for a depth of 150' to 200', leaving a rectangular-shaped parcel containing 4.69 acres without any access. In order to remedy this situation, petitioner proposed to build an access road to connect the remaining tract to a north-south residential street, Monterey Avenue. Monterey is located west of defendant's property and it eventually intersects Roosevelt Road.

Defendant's appraiser described the property as being unique in that the 151.2' Roosevelt Road frontage was the only access to the entire tract. He testified that before the taking the highest and best use of the tract was for retail establishments which require on-site inventory, e.g., auto agency, lumber yard or discount house, and he valued the entire parcel at $185,400. It was his opinion that, as a result of the taking, the highest and best use of the remainder would be altered to that of an industrial

use such as a storage or contractor's yard, and he stated that in reaching this opinion he had considered the loss of direct access and the inferior type of substitute access provided by the frontage road. He testified that prior to the taking, the fair cash market value of the remainder was $164,000 and, after the taking, $100,000, indicating a $64,000 damage to the remainder as a result of the taking.

It is petitioner's position that while an owner whose land abuts a highway has the right of access to his property, this right is subject to reasonable regulation and control by the State under its police power; that where this power is invoked and causes an impairment to the right of access, there can be no recoverable damages; that because petitioner proposes to build a frontage road allowing defendant indirect access to Roosevelt Road, it cannot be said that defendant's right of access was taken or materially damaged; and that it was therefore error for the trial court to allow any evidence on the question of damage to the remainder.

To support this position, petitioner relies upon certain Illinois cases where the State, under its police power, is allowed to regulate the flow of traffic upon a highway by means of traffic control devices which in turn impair the access previously enjoyed by abutting property owners. In none of the cases cited by petitioner was there a complete taking of a defendant's direct access; the access was only impaired.

Here, petitioner is not impairing defendant's direct access but is, instead, taking all of his access to Roosevelt Road and substituting an indirect access by means of a frontage road. The law applicable under these facts is best stated in *Department of Public Works & Buildings v. Mabee*, 22 Ill.2d 202, 205 (1961):

> "It is a well-established rule in this State that the right of access to an existing public street or highway is a valuable property right which cannot be taken away or materially impaired without just compensation. (*Department of Public Works and Buildings v. Wolf*, 414 Ill. 386; *Illinois Malleable Iron Co. v. Comrs. of Lincoln Park*, 263 Ill. 446; *Rigney v. City of Chicago*, 102 Ill. 64.) This rule has been applied where a public improvement has completely, (*People ex rel. First National Bank of Blue Island v. Kingery*, 369 Ill. 289,) or materially (*Rigney v. City of Chicago*, 102 Ill. 64,) destroyed a property owner's means of access to the whole highway * * *. The rule cannot be applied, however, where the property owner's free and direct access to the lane of traffic abutting on his property has not been taken or impaired. Once on the highway he is in the same position and subject to the same police-power regulations as every other member of the traveling public. (*Walker v. State*, 48 Wash.2d 587, 295 P.2d 328.)"

(See also *Department of Public Works & Buildings v. Divit*, 25 Ill.2d 93, 101 (1962) and *Department of Public Works & Buildings v. First National Bank*, 9 Ill.App.3d 633, 637 (1973).) Because of petitioner's action, defendant has sustained a special damage which exceeds that suffered by the public generally. (*County Board of School Trustees v. Elliott*, 14 Ill.2d 440, 446 (1958).) Since there was a complete taking of access, we find that the trial court did not err when it allowed defendant to introduce evidence concerning damages to the remainder based upon loss of direct access.

■■ We do not find that the award for damages to the remainder contained non-compensable elements. The measure of damages to the remainder is the depreciation in value of land not taken which results from the taking, that is, the difference between the fair cash market value of the part not taken unaffected by the improvement and its fair cash market value as affected. (*Department of Public Works & Buildings v. Bloomer*, 28 Ill.2d 267, 270 (1963).) In making this computation, special benefits accruing to the remaining parcel by reason of the improvement (in this case, the frontage road) must be set-off against resulting damage. (*Department of Public Works & Buildings v. Divit, supra*, at 100—101.) Petitioner bottoms its argument on the fact that defendant's appraiser, in arriving at his determination, considered loss of direct access and a change in the highest and best use of the land not taken. Petitioner claims that neither the loss of access nor the change in the highest and best use of remaining land are proper elements to be considered. We disagee. Under the facts in this case, both elements may be included. *Department of Public Works & Buildings v. First National Bank, supra*, at 636-37.

The petitioner further maintains that the trial court erred in directing a verdict as to damages to the remainder solely on the basis of the testimony of defendant's expert. The testimony of defendant's expert was the only competent evidence of the damage to the remainder that was placed before the jury. The defendant's expert was not cross-examined by the petitioner. The petitioner recalled its own expert, but after the court sustained an objection to the form of a question, the petitioner chose to rest its case without presenting any evidence in rebuttal of the defendant's expert's testimony. The proofs of the case were closed and the court directed a verdict in favor of the defendant for $21,400 as the stipulated value of the property taken and $64,000 as damage to the remainder caused by the taking.

■■ Where the only competent evidence submitted to the jury (as to the remainder) was that of the defendant's expert, the jury was obliged to determine the damage upon the only evidence before it, and the court therefore properly directed a verdict in the amount testified to by

the defendant's expert. *City of Chicago v. Riley,* 16 Ill.2d 257, 264 (1959); *Department of Public Works & Buildings v. Butler,* 5 Ill.App.3d 134, 137 (1972).

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.