MELVIN E. STREETER *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF WINNEBAGO, Defendant and Third-Party Plaintiff-Appellee.—(CITY NATIONAL BANK & TRUST CO. OF ROCKFORD, Trustee, *et al.*, Third-Party Defendants-Appellees.)

Second District   No. 79-106

Opinion filed April 21, 1980.

Robert G. Coplan, of Connolly, Oliver, Goddard, Coplan and Close, of Rockford, for appellants.

Daniel D. Doyle, State's Attorney, and Curtis D. Worden, both of Rockford (James M. Hess, Assistant State's Attorney, of counsel), for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs claim that they have been damaged because their right of access was materially impaired by the vacation and relocation of a county road. In a previous appeal to this court based on the pleadings, we reversed and remanded for a trial on the merits. (*Streeter v. County of Winnebago* (1976), 44 Ill. App. 3d 392.) The cause then proceeded to hearing on plaintiffs' complaint, the answer of the defendant, the County of Winnebago, and upon the county's third-party complaint against the developer of the property. The trial court granted the motion of the county and the third-party defendant for summary judgment and denied the motion of the plaintiffs for summary judgment. The plaintiffs appeal.

The trial court concluded that the undisputed facts show that there is no material impairment of defendant's right of access caused by the vacation and relocation of what will be referred to as Bell School Road. We agree.

The subject matter of this litigation is a triangular piece of land, composed of two parcels. The right of way for Harrison Avenue forms the southern boundary of the property, while Bell School Road runs along its western boundary. An access road surrounds the property on the south and east. This action arose when the county relocated Bell School Road, vacating the south 560 feet of the road and relocating the road so that it now runs west from the plaintiffs' property, and then south, and enters Harrison approximately 1440 feet west of where it originally entered. We have prepared a sketch of the property and its surrounding access based on our review of the record for aid in visualizing the controversy:

Prior to December 1959, the entire triangle was owned by Joseph Carlson, plaintiffs' predecessor in title. On December 11, 1959, Carlson conveyed a strip of land 215 feet deep along Harrison Avenue to the State of Illinois for the widening of Harrison. The deed of conveyance contained a reservation clause in which the State promised to "supplement the main freeway pavement with a parallel, all weather direct access entrance from the present abutting land of the Grantor to provide access for the Grantor only via said direct access entrance to

relocated Bell School Road at * * * a new point of access * * * [which was approximately 1440 feet west of the present access point to Harrison Avenue]."

■■ It is clear that where a property owner's right of access is materially impaired by the action of the State the owner is entitled to compensation. (*Department of Public Works & Buildings v. Wilson & Co.* (1975), 62 Ill. 2d 131, 140-41.) The issue of materiality of impairment is a question of law for the court to determine in the first instance. (62 Ill. 2d 131, 141.) "If, however, there is no physical disturbance of the right of access *vis-a-vis* the abutting highway, then any damages which may result to the property owner as a consequence of a change in the use of the highway by the public are *damnum absque injuria* even though such damages may be very substantial." 62 Ill. 2d 131, 141.

The initial inquiry is whether the plaintiffs or their predecessors in title had direct access to Harrison Avenue following the conveyance to the State and prior to the relocation of Bell School Road by the county. The plaintiffs contend that the reservation clause in the deed which conveyed the right of way abutting Harrison Avenue to the State of Illinois continued to afford them direct access to Harrison Avenue. They state that, in addition, they were given a contractual right of direct access to Harrison Avenue by the State. The difficulty with this argument is that the reservation in the deed does not afford plaintiffs direct access to Harrison Avenue over the State right-of-way. Of course, if it did, plaintiffs could enforce such right against the State and are not deprived of direct access to Harrison Avenue because of the county's action in relocating Bell School Road. However, the access which was reserved in the State's deed to Harrison Avenue was by way of Old Bell School Road which the State did not own.

■■ Even if plaintiffs have a contractual right to enforce access to Harrison against the State, the State could give them no right against the County of Winnebago. The county has the statutory right to vacate roads and streets in the public interest. (Ill. Rev. Stat. 1977, ch. 24, par. 11—91—1.) The State cannot unilaterally promise that the county will not exercise its statutory rights. It therefore appears that the reservation clause is neither enforceable against the county nor does it give the plaintiff direct access to Harrison Avenue.

Plaintiffs or their predecessors in interest gave up all right of direct access to Harrison Avenue when they sold their land which abutted on Harrison to the State. Following this conveyance the plaintiffs' access to Harrison Avenue was indirect access by way of Old Bell School Road. After the relocation of that county road the access still remained indirect and by way of the relocated Bell School Road.

■■ It is, of course, a fact that the plaintiffs now have to travel an

additional 1440 feet to reach Harrison Avenue. But this is an inconvenience suffered by all persons who use Bell School Road as a means of access to Harrison. Thus, the plaintiffs suffer no special injury to access to Harrison by way of Bell School Road. Clearly the plaintiffs cannot claim that they have a compensable interest in maintaining the flow of traffic past their property. (*Wilson*, at 140; *Department of Public Works & Buildings v. Mabee* (1961), 22 Ill. 2d 202, 205.) The plaintiffs are subject to mere circuity of travel, shared by the general public. Therefore, as the trial court ruled, the plaintiffs' direct access to Harrison Avenue was unaffected by the relocation of Bell School Road and their access to Harrison via Bell School Road was not materially impaired.

The plaintiffs cannot support their position by such cases as *Department of Public Works & Buildings v. Wilson & Co.* (1975), 62 Ill. 2d 131, 140-41, *People ex rel. Department of Public Works & Buildings v. Mokres* (1974), 28 Ill. App. 3d 422, and *Rigney v. City of Chicago* (1881), 102 Ill. 64. In *Wilson* the State brought eminent domain proceedings to acquire a strip of defendant's property which abutted on Roosevelt Road in Du Page County, thereby cutting off defendant's access to that road. The State built a frontage road from defendant's property to the nearest cross-street 240 feet to the west. The sole issue on appeal was whether the trial court erred in allowing evidence of damages for the loss of direct access. While under those circumstances the court concluded that the right of access was a compensable property right which was materially impaired by the action of the State, it should be noted that the defendant was an abutting landowner. Under the facts before us the plaintiffs' access to Harrison Avenue was merely indirect. *Rigney* involved the plaintiffs' claim for damages for loss of access to his property resulting from a construction of a viaduct. The court held that by reason of the construction the property owner sustained a special damage with respect to his property in excess of that sustained by the public generally. (102 Ill. 64, 81.) Here, the most that plaintiffs could claim was that the change in proximity to the intersection with Harrison was a special injury, an argument which is not directly supported by *Rigney*. In any event, these cases do not conflict with the trial court's determination as a matter of law that under all the circumstances the impairment was not material. In *Department of Public Works & Buildings v. Greenwell* (1977), 45 Ill. App. 3d 159, a somewhat similar distance was held not compensable. See also Annot., 42 A.L.R.3d 13, 86-87 (1972).

In *Mokres* the court held that abutting property owners who previously had conveyed property to the State for road purposes, reserving rights of access by a frontage road, suffered compensable damages when the point of access to the freeway by the frontage road was later substantially changed by a distance of almost two miles. (28 Ill.

App. 3d 422, 425-26.) It is clear that in *Mokres* the State, when purchasing the access rights from the owner, compensating him for only part of the access rights, properly could not be allowed to terminate the access rights for which it had not paid. However, in this case the county had no such agreement with the plaintiffs.

We conclude that the summary judgments in favor of the defendant, County of Winnebago, and consequently in favor of the third-party defendant, were properly entered and therefore affirm the judgment.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.