**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PANDE CAMERON AND COMPANY OF SEATTLE, INC., a Washington corporation; PAUL M. ANDONIAN; GREGORY Y. ANDONIAN; CHARLES C. ANDONIAN, as tenants in common of real property owned as their separate estates, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY (SOUND TRANSIT), a Washington municipal corporation; CITY OF SEATTLE, a Washington municipal corporation, <br><br> Defendants - Appellees. | No. 09-35361 <br><br> D.C. No. 2:07-cv-01312-JPD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Argued and Submitted April 7, 2010
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Pande Cameron of Seattle, Inc., a high-end rug retailer, and Paul, Gregory, and Charles Andonian ("the Andonians"), as former owners of 815 Pine Street in downtown Seattle, appeal the adverse summary judgment for the City of Seattle and the Central Puget Sound Regional Transit Authority ("Sound Transit") in this inverse condemnation action. We affirm.

Plaintiffs seek damages allegedly caused by effects from the construction of a transit tunnel in downtown Seattle. They claim noise, vibrations, dust, barricades, traffic disruptions, and impeded pedestrian access, amounted to a temporary, non-physical taking requiring compensation under the Washington and U.S. Constitutions.

Pande Cameron and the Andonians claim they have raised genuine issues of material fact, alleging the following elements necessary under Washington law to establish a claim for inverse condemnation: "(1) a taking or damaging (2) of private property (3) for public use (4) without just compensation being paid (5) by a governmental entity that has not instituted formal proceedings." *Dickgieser v. State*, 105 P.3d 26, 29 (Wash. 2005). Plaintiffs also claim they have shown a nuisance, "peculiar and substantial" in its harm to them, warranting relief under the Fifth Amendment. *See Richards v. Wash. Terminal Co.*, 233 U.S. 546, 557 (1914).

2

The district court was correct to grant summary judgment against Pande Cameron because it voluntarily vacated the Pine Street property. It is undisputed that Pande Cameron vacated within weeks of construction beginning on the Pine Street stub tunnel, and by its own admission, made this decision to vacate after a December 2004 meeting with Sound Transit, and before nearly all of the asserted construction impacts.

Pande Cameron points to construction impacts while it was still located at the Pine Street property, but nothing in the record rises to an unconstitutional taking. It highlights two days when construction noise exceeded the permitted level for ten and fifteen minutes, respectively. It also makes claims regarding traffic and access, but agreed the impacts could be described as "a series of individual incidents, a truck is blocking the way or a flagman is misdirecting traffic, those type of things." Pande Cameron's other access claims are similar inconveniences, such as customers having to travel extra blocks to reach the store's entrance. Even with inferences in its favor, these inconveniences are not unconstitutional takings, *see Walker v. State*, 295 P.2d 328, 330-31 (Wash. 1956), nor were they peculiar to Pande Cameron as compared to other nearby businesses.

As for the Andonians, they do not claim Sound Transit or the City of Seattle physically occupied or damaged the Pine Street property, nor do they claim a

3

regulatory taking or loss of "all economically beneficial use" of the property. *See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005). Thus, their only viable theory of damages—aside from any tort claims, which are not part of this appeal—is the lost rental income from the property during the period of the alleged interference. *See State v. McDonald*, 656 P.2d 1043, 1050 (Wash. 1983) (no consequential damages or business losses in reverse condemnation proceeding).

The record simply does not support the Andonians' claim that they were precluded from renting the property. Their depositions demonstrate that the lone effort made to rent the property was to Sound Transit itself. Charles Andonian, for example, testified he did nothing to look for a tenant at the property. Paul Andonian stated it was his "speculation" that "in our estimation . . . there wasn't anybody that was going to be willing to occupy the space." In short, the Andonians cannot by themselves determine that mitigating their damages would be hopeless. Therefore, they have failed to raise an issue of fact showing a measure of just compensation to which they are entitled.[1]

**AFFIRMED.**

---

[1] We deny the motion to strike certain photographs from the record and deny the motion to certify four questions to the Supreme Court of Washington.