[No. 37369. Department One. August 6, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTIN L. WILLIAMS *et al.*, *Petitioners*.*

*Roland C. Wightman*, for petitioners.

*The Attorney General* and *Joseph S. Montecucco, Assistant*, for respondent.

HUNTER, J.—Martin L. Williams and his wife (petitioners) are the owners of a cold storage warehouse abutting Browne Street in Spokane, Washington. The state of Wash-

*Reported in 394 P. (2d) 693.

ington (respondent) plans to convert Browne Street in front of petitioners' property into part of Primary State Highway No. 3, and, in so doing, to lower the grade in front of petitioners' property in varying amounts from approximately 2½ inches to 2 feet.

An action was instituted by the state to condemn the access rights of the petitioners that would be damaged by the proposed change of grade. The jury awarded the petitioners $45,000. The state made a motion for a new trial, and the trial court entered an order granting the motion. The petitioners have applied for a review of the order by a writ of certiorari which has been granted by this court.

■ Several grounds were urged in the trial court in support of the motion for a new trial. The new trial was granted on the single ground that an exhibit, which had been admitted into evidence, inadvertently was not submitted to the jury during its deliberations. We may, however, consider all grounds asserted by the state, supporting its motion in the trial court, to support the order granting a new trial. *State v. Maxfield*, 46 Wn. (2d) 822, 285 P. (2d) 887 (1955). Since a new trial is necessary on another ground, we need not consider the issue upon which the new trial was granted.

The primary issue raised by the state, and which we believe is the crux of this review, was the refusal of the trial court to instruct the jury that it could not consider any element of damage resulting to the petitioners by a possible change in the traffic and parking regulations. The state argues that traffic regulations constitute a reasonable exercise of the police power, and any change affecting the petitioners is not a compensable item of damage.

The record shows that under the existing ordinance the petitioners have been permitted to load and unload trucks by parking them in such a manner that the front end of the trucks extend into the street; that one of the elements considered by the expert witnesses, when giving their opinions as to the difference in the market value of the property before and after the change of grade, was the

possible inability of the petitioners to have parked vehicles protrude into Browne Street, for loading and unloading purposes, after its conversion into Primary State Highway No. 3. It was the consideration of this evidence by the jury, in awarding damages, to which the state objected.

■ The law is well established in this state that a property owner abutting a public street has a vested right to an easement for reasonable ingress and egress to his property. *State v. Calkins*, 50 Wn. (2d) 716, 314 P. (2d) 449 (1957); *McMoran v. State*, 55 Wn. (2d) 37, 345 P. (2d) 598 (1959). A reduction of the street grade constitutes a damage to this right. *State ex rel. Moline v. Driscoll*, 185 Wash. 229, 53 P. (2d) 622 (1936).

The law is equally clear, however, that once the abutting owner is on the street, to which he has free access, he is subject to all the traffic regulations just as any other member of the traveling public. *Walker v. State*, 48 Wn. (2d) 587, 295 P. (2d) 328 (1956). Traffic regulations, including parking while loading and unloading, are police power regulations and are not a part of an abutting property owner's vested right of ingress and egress.

In *Sandona v. Cle Elum*, 37 Wn. (2d) 831, 226 P. (2d) 889 (1951), the plaintiffs operated a transfer business, and while loading and unloading trucks in front of their place of business, the front of the trucks protruded into the street. Plaintiffs brought an action to enjoin the city of Cle Elum from enforcing a city ordinance which prohibited parking on the side of the street within 75 feet opposite the entrance to any fire station. We there held that the ordinance was within the reasonable exercise of the police power, and quoted the following from *Hickey v. Riley*, 177 Ore. 321, 162 P. (2d) 371 (1945):

" 'Parking is not a right, but a privilege, and, as such, is subject to reasonable regulation under the police power. *Gardner v. City of Brunswick*, (1943), 197 Ga. 167, 28 S. E. (2d) 135.' "

■ It was error for the trial judge to permit the jury to consider evidence of an alleged decrease in the value of the property resulting from possible changes in the regula-

tions governing parking, while loading and unloading, since this is a reasonable exercise of the police power and is not a compensable item of damage. *Walker v. State, supra.* Such regulations do not invade the petitioners' vested right of ingress and egress to their property abutting Browne Street, and are unrelated to damages sustained by the petitioners resulting from the change of grade.

The judgment of the trial court granting the state a new trial is affirmed, and the cause is remanded for trial consistent with the views expressed herein.

HILL, ROSELLINI, and HALE, JJ., and CUSHING, J. Pro Tem., concur.

---

October 16, 1964. Petition for rehearing denied.