[No. 44582. En Banc. December 15, 1977.]

ROY D. KEIFFER, ET AL, *Respondents,* v. KING COUNTY, *Appellant.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Raymond B. Ferguson, Deputy,* for appellant.

*Powell, Livengood, Silvernale, Carter & Tjossem* and *Robert P. Tjossem,* for respondents.

UTTER, J.—Roy and Gudrun Keiffer sought damages from King County claiming an impairment of access to their property occasioned by the installation of curbing along the adjacent road right–of–way was sufficiently substantial to amount to an unconstitutional taking or damaging of their property without just compensation. The Superior Court found a compensable taking of respondents' right of access had occurred and ordered the empanelment of a jury to determine just compensation.

Two issues are presented on appeal: (1) under what circumstances may the restriction of access to private property, resulting from the construction of physical barriers located within the government right–of–way designed to regulate the flow of traffic into and out of such property, constitute a compensable taking; and (2) did the trial court err in treating the determination of degree of impairment as a question of fact. We find the Superior Court resolved these issues correctly and affirm its order.

The Keiffers own commercial real estate in the Juanita–Kirkland area of King County which abuts the east side of 98th Avenue Northeast for approximately 280 feet. A grocery store–meat market, restaurant–ice cream parlor, small office building and nursery are located on that property facing 98th Avenue. King County made improvements to 98th Avenue during 1973 and 1974. The existing two–lane road was widened to four lanes and curbs were erected on the edge of the improved road, all within the county's right–of–way. Before the improvements, respondents had access to their property at all points along their frontage

and parking for approximately 18 cars was available on respondents' property in front of their buildings. Subsequent to the improvements, respondents' access was limited to two curb cuts approximately 32 feet long located near each end of the frontage. The placement of the curbing and location of these cuts restricted the use of the strip of property in front of respondents' buildings to either a driveway or parking area with a usable capacity of from two to at most five cars.

The trial court found the curbing was installed for the purpose of reducing the traffic hazard posed by allowing vehicles to back onto the roadway from respondents' property, and also that allowing any additional access would not be a good highway engineering practice. It found as well "[t]hat the practical effect of the curb with only two curb cuts is to virtually eliminate access to each of the aforementioned structures" and that "[t]he access provided after the completion of the curb and curb cuts . . . denies reasonable access to each of the aforementioned buildings and/or economic units, and further denies reasonable access to the parking which is functionally necessary to utilize each of such structures for their highest and best use and/or the businesses being operated therein."

The County argues that a municipal corporation does not take private property in violation of article 1, section 16 (amendment 9) of the Washington constitution when it regulates, but does not eliminate, access to abutting property. In support of this proposition it urges the County has the authority and responsibility to regulate and control traffic flow by virtue of its inherent police power and that a traffic regulation permitting direct access and providing for safe flow of traffic does not constitute a taking or damaging for which compensation must be paid. The fact that the police power of the State is exercised does not, however, grant the County unchallengeable authority to restrict access without compensation.

I

■ The right of access of an abutting property owner to a public right-of-way is a property right which if taken or damaged for a public use requires compensation under article 1, section 16 of the Washington State Constitution. *State v. Calkins,* 50 Wn.2d 716, 314 P.2d 449 (1957); *Walker v. State,* 48 Wn.2d 587, 295 P.2d 328 (1956). *See Power to Restrict or Interfere with Access of Abutter by Traffic Regulations,* Annot., 73 A.L.R.2d 689 (1960). The origin of our doctrine is found in *Brown v. Seattle,* 5 Wash. 35, 31 P. 313 (1892), where we held that the right of ingress and egress which the property owner abutting on a street has is property and that interference with such right was a damage within the meaning of the constitutional provision. *Lund v. Idaho & Wash. N. R.R.,* 50 Wash. 574, 576, 97 P. 665 (1908).

■ Not all impairments of access to property are compensable. Compensation is properly denied in those cases where an exercise of the police power does not directly affect access or the impairment of access is not substantial. *See Abutting Owner's Right to Damages for Limitation of Access Caused by Conversion of Conventional Road into Limited-Access Highway,* Annot., 42 A.L.R.3d 13 (1972); Stoebuck, *The Property Right of Access Versus the Power of Eminent Domain,* 47 Tex. L. Rev. 733 (1969); Comment, *Distinguishing Eminent Domain from Police Power and Tort,* 38 Wash. L. Rev. 607 (1963). The issue of whether compensation must be paid in a particular case is best resolved through a two-step process. The first is to determine if the government action in question has actually interfered with the right of access as that property interest has been defined by our law. Here distinctions are made between the restriction of access and related but distinguishable actions which simply regulate the volume or flow of traffic on a public way. Those actions taken pursuant to the police power for the purpose of regulating the flow of traffic *on* the public way itself are generally not compensable. Underlying the decisions in these types of cases is the

principle that the right of access does not include the right to maintenance of a particular pattern or flow of traffic. *Walker v. State, supra* (installation of center line divider prohibiting left turns onto abutting property); *Kahin v. Seattle,* 64 Wn.2d 872, 395 P.2d 79 (1964) (installation of markers to direct flow of traffic); *Billington Builders Supply, Inc. v. Yakima,* 14 Wn. App. 674, 544 P.2d 138 (1975) (prohibition of on–street parking in front of private property); *Power to Restrict or Interfere with Access of Abutter by Traffic Regulations,* Annot., 73 A.L.R.2d 689, § 3, at 692 (1960).

Although appellant asserts that the curbing in question was installed for the purpose of regulating the flow of traffic on a public way, it is clear from the record that the means of regulation adopted by the County has also resulted in a restriction of the respondents' access to and from 98th Avenue.

## II

Where, as here, the court determines the right of access has been damaged, the degree of damage is the pivotal issue and second step in the determination of whether or not liability is present. Appellant's assertion that compensation is allowed only where its action pursuant to the police power eliminates *all direct access* is not supported by our cases. The cases relied upon by the appellant recognize compensation must be paid where all direct access is not eliminated, if substantial impairment of access is shown.

In *Walker* it was pointed out the plaintiffs "still have free and unhampered ingress and egress to their property" and that cases in which compensation is paid involve "physical impairment of access." *Walker v. State, supra* at 590. In *Kahin v. Seattle, supra* at 876, the court notes that there was no factual determination of unreasonable limitation of access. In *State v. Williams,* 64 Wn.2d 842, 844, 394 P.2d 693 (1964), it is observed, "once the abutting owner is on the street, *to which he has free access,* he is subject to

all the traffic regulations . . ." (Italics ours.) *See Dumala v. State,* 340 N.Y.S.2d 515, 521–22, 72 Misc. 2d 687 (1973) ("The 35 foot curb cut easily provided suitable entry . . . [c]laimant is entitled only to suitable access . . ."); *State Highway Comm'n v. Smith,* 248 Iowa 869, 875, 82 N.W.2d 755, 73 A.L.R.2d 680 (1957) ("If [an owner] has free and convenient access to his property and the improvements on it and his means of ingress and egress are not substantially interfered with by the public he has no cause for complaint."). *See also People ex rel. Dep't of Pub. Works v. Ayon,* 54 Cal. 2d 217, 352 P.2d 519, 5 Cal. Rptr. 151 (1960); *Phoenix v. Wade,* 5 Ariz. App. 505, 428 P.2d 450 (1967). These cases make it clear that the total elimination of access is not necessary to create liability.

▆ The trial court properly treated the question of degree of impairment of access as an issue of fact. Cases in other jurisdictions have disagreed as to whether the existence of a "substantial" impairment is a question of fact or law. *See* Annot., 42 A.L.R.3d 13, §§ 7, 8, at 72, 73. We have not directly addressed this issue in our previous cases. Our preference is to treat this question in the same manner as we have similar issues in other inverse condemnation cases involving conflicting facts and therefore hold it to be an issue to be determined by the trier of fact. *Cunningham v. Tieton,* 60 Wn.2d 434, 436, 374 P.2d 375 (1962); *Aliverti v. Walla Walla,* 162 Wash. 487, 490, 298 P. 698 (1931). This view is also favored by commentators. 2 *Nichols on Eminent Domain* § 5.72[1] n.15.2 and Stoebuck, *supra* at 765. The trial court's findings to the effect that the degree of impairment demonstrated in this case was sufficient to create liability are supported by substantial evidence and will not be disturbed on appeal. We find no merit in appellant's remaining assignments of error and affirm the trial court.

WRIGHT, C.J., and HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.

DOLLIVER, J. (dissenting)—Plaintiff Roy Keiffer's difficulty is not access; it is parking. For many years plaintiff used the public highway right–of–way in front of his premises as an extension of and adjunct to the parking area for his customers. So far as the record shows, no recompense by plaintiff was afforded to the citizens of King County for this use. When increased traffic required the duly authorized representatives of the people of King County to increase the highway from two to four lanes, a curb was constructed in front of plaintiff's property in the interests of public safety. Two driveway cuts were put in front of his property. The result of this has been increased convenience and safety for the traveling public and continued access to plaintiff's property, but an inability on the part of the plaintiff to continue to use for his private purposes what was formerly a public right–of–way and is now a busy paved highway.

Plaintiff complains there is a taking because of the loss of access to his property. Plaintiff has not suffered loss of access; he has suffered the loss of public property for use as his private parking lot. Neither the state constitution, the federal constitution, the statutes, the common law of this state, nor sound public policy now require a dispensation from the public treasury for the benefit of the plaintiff. I dissent.

ROSELLINI, J., concurs with DOLLIVER, J.