[No. 27062-1-I. Division One. December 30, 1991.]

MELVIN W. PELLEY, ET AL, *Appellants*, v. KING COUNTY, ET AL, *Respondents*.

*John W. Hempelmann* and *Cairncross, Ragan & Hempelmann, P.S.*; *Robert T. Tjossem, David J. Smith*, and *Livengood, Silvernale, Carter & Tjossem*, for appellants.

*Norm Maleng, Prosecuting Attorney*, and *Robert I. Stier* and *Dennis C. McMahon, Deputies*, for respondents.

WEBSTER, A.C.J. — Melvin and Carolyn Pelley appeal a trial court order granting summary judgment in favor of King County.

FACTS

In August of 1988, the Department of Public Works proposed to acquire a portion of the Pelleys' property for "the purpose of widening and improving N.E. 195th Street

between 139th Ave. N.E. to 149th Ave. N.E." The plan also called for reconstruction of an access road shared by the Pelleys and two neighbors. Later that year, as alleged by the Pelleys, the County, without giving the public or the Pelleys prior notice or an opportunity to review or comment, expanded the scope of the project 1,000 feet beyond the intersection of the Woodinville-Duvall Road and 190th Street — the intersection that the County assured the Pelleys in October of 1985 represented the end of the project.

In September of 1988, county officials met with the Pelleys and their neighbors and presented plans to reconstruct the access road to intersect with the Woodinville-Duvall Road at the bottom of a 19.2 percent grade (providing no level ground to brake). The Pelleys informed the County that such a plan would be dangerous and unacceptable at which point the County abandoned its plan. Later that month, the County submitted a revised plan calling for a blind s curve reconstruction and extension of the access road.

In March of 1989, the County commenced a condemnation action to acquire the property and the rights necessary for the improvements to N.E. 195th Street. In May of 1989, the trial court granted the petition in an "Order Adjudicating Public Use and Necessity" and ordered a jury trial to determine compensation. On October 25, 1989, the parties entered into a "Stipulation and Order for Immediate Use and Possession". The stipulation was conditioned upon the deposit of $2,525 to the registry of King County Superior Court. The stipulation also reserved the Pelleys' right to "object to the legality of the access road, roadway design, [or] compliance with applicable ordinances and standards".[1] A trial date to determine the Pelleys' just compensation for

---

[1]The stipulation and order stated in part:

"IT IS HEREBY FURTHER ORDERED that King County shall construct the access road . . . in accord with applicable ordinances and standards, including ordinance 8041 . . ..

" . . . .

"IT IS HEREBY FURTHER ORDERED that the Pelleys' entry into this Order of Immediate Use and Possession does not constitute a waiver of any of

the affected property in the condemnation case was origi-
nally set for October 24, 1989, but was stricken because the
Pelleys had agreed to grant the County immediate use and
possession.

On June 6, 1990, after the condemnation proceeding was
underway, the Pelleys filed a complaint seeking damages for
inverse condemnation, nuisance and the tort of outrage. On
August 1, 1990, the County filed a motion for summary
judgment of dismissal covering all of the causes of action
contained in the Pelleys' complaint. On September 5, 1990,
summary judgment was granted for the County.

DISCUSSION

We first decide whether a party may bring a separate
action, such as the Pelleys' denial of access and nuisance
claims, while a condemnation proceeding is pending. The
Pelleys claim that if the County is allowed to proceed with
its proposed reconstruction of the access road they will be
denied reasonable access to their property. *Keiffer v. King
Cy.*, 89 Wn.2d 369, 572 P.2d 408 (1977) (denial of reasonable
access to the remaining land is one of the injuries which
may be compensated in a condemnation proceeding). The
Pelleys also claim that they are entitled to prospective
injunctive relief against the contemplated nuisance the con-
struction would cause. *Deaconess Hosp. v. State Hwy.
Comm'n*, 66 Wn.2d 378, 403 P.2d 54 (1965); RCW 7.48.020
(expressly affords the right to enjoin an existing nuisance
and recover damages). The Pelleys' claim is based on a
number of construction violations regarding the access road,
some administrative in nature, including King County
Ordinance 8041.[2] The County has not contested any of these
violations in this action.

---

their rights of any kind including, without limitation, their rights to object to
the legality of the access road, roadway design, compliance with applicable
ordinances and standards . . .."

[2]Section 2.02(g) requires an entering site distance of 620 feet. Here that
distance is 530 feet, or 90 feet less than that required by section 2.02(g). Section
2.03(f) requires a minimum 125-foot stopping distance. The County's proposed

■ In a condemnation proceeding, jurisdiction over all damages to the property resides in the condemnation. *State v. Shain*, 2 Wn. App. 656, 660, 469 P.2d 214 (1970) (the trial court in a condemnation case "acquire[s] jurisdiction of that action and all matters arising therefrom"). Such proceedings are sui generis and, therefore, are governed by statutes which are mandatory in nature. *In re Southwest Suburban Sewer Dist.*, 61 Wn.2d 199, 201, 377 P.2d 431 (1963) ("[condemnation] proceedings are entirely statutory and are neither actions at law nor suits in equity, and the statutes are mandatory"). After the public use and necessity judgment is entered and final, as is the case here, the sole remaining issue is the "compensation and damages to be paid." RCW 8.08.040; 6 J. Sackman, *Nichols' Eminent Domain* § 26.72 (rev. 3d ed. 1986) (collateral attacks on condemnation proceedings are prohibited unless procured by fraud, lack of jurisdiction, or an otherwise void judgment); *see also State v. Scheel*, 74 Wn.2d 137, 139-40, 443 P.2d 658 (1968) (decree of appropriation in condemnation proceeding cannot be attacked collaterally in a later petition for distribution where no appeal is taken from the judgment and no motion to vacate that judgment is made since to allow such would in effect reopen the matter to a subsequent trial). Furthermore, injunctive or equitable relief will not be granted where public use has been established and the only remaining action in the condemnation is to establish the market value of the property taken and rights

---

plans call for 50 feet. Section 2.10 requires a minimum curve radius of 55 feet. Here the radius of two of the curves is 47 feet, thereby raising a question as to whether a fire engine or emergency vehicle could negotiate the planned access road. Ordinance 8041 places an 8-foot limit on rock facing. The County's proposal exceeds this regulation also.

The Pelleys also claim that the County has violated the procedure regarding "variances" since, without the approval of the affected landowners and without prior notice, it applied and granted itself three such variances. Section 1.08 of ordinance 8041 requires a public hearing, and here none of the plans that the County provided to the Pelleys or the plans it put out to bid provides any notice that one or more variances would be necessary. One variance changed the entering site distance. A second approved the substandard 47-foot curve radius. A third further reduced the entering site distance.

damaged. *Brazil v. Auburn*, 93 Wn.2d 484, 492-96, 610 P.2d 909 (1980) (once appropriated for public use, the sole remedy available to the affected property owner is damages and no equitable or injunctive remedy is possible).

■ Even though the Pelleys' claims may have merit, their arguments are directed to the wrong forum. We find, under the preceding authorities, that once a condemnation proceeding is begun, that proceeding is the only forum in which to determine damages. The proper forum for resolution of these issues is the trial court during the valuation phase of the condemnation proceeding. Any grievance which the Pelleys may have with the County must be resolved there. Here, the Pelleys' claims do not exist outside the condemnation proceeding itself. If, as claimed by the Pelleys, the access road cannot be built in compliance with the applicable standards, they can seek compensation as part of the valuation phase of the condemnation action. *McMoran v. State*, 55 Wn.2d 37, 345 P.2d 598 (1959).[3]

The judgment is affirmed.

COLEMAN and BAKER, JJ., concur.

Reconsideration denied January 28, 1992.

Review denied at 119 Wn.2d 1003 (1992).

---

[3]The Pelleys point to language in the stipulation and order which they claim expressly allows them to challenge the County's failure to design the access road in compliance with Ordinance 8041:

IT IS HEREBY FURTHER ORDERED that the Pelleys' entry into this Order of Immediate Use and Possession does not constitute a waiver of any of their rights of any kind including, without limitation, their rights to object to the legality of the access road, roadway design, compliance with applicable ordinances and standards . . ..

This claim is correct. However, the proper forum in which to challenge these actions (as allowed by the stipulation and order) is within the context of the condemnation proceeding and NOT in a separate and distinct cause of action.